PARKVIEW CORPORATION, Plaintiff,

v.

The DEPARTMENT OF the ARMY CORPS OF ENGINEERS, Chicago District, Lawrence P. Coffill, Acting District Engineer, Chicago District, the City of Neenah, a Municipal Corporation and United States of America, Defendants.

No. 78–C–530.

United States District Court, E. D. Wisconsin.

April 18, 1979.

DiRenzo & Bomier by Howard T. Healy, Neenah, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for The Dept.

James B. Gunz, City Atty., Neenah, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the department of the army, corps of engineers, and the United States of America (hereafter referred to collectively as the government) for partial summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. The motion will be granted.

This action was brought by the plaintiff, inter alia, to challenge the government's determination that certain improvements constructed by the city of Neenah, Wisconsin, to service lots owned by the plaintiff in the Lake Edge Park Plat near Lake Winnebago, were made by the discharge of fill material into a wetland in violation of the 1972 amendments to the Federal Water Pollution Control Act, codified at 33 U.S.C. § 1251 et seq. The present motion for partial summary judgment brought by the government seeks a finding that the government's determination was correct.

Under Rule 56(c), summary judgment shall be granted

". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The burden of the party opposing summary judgment is prescribed by Rule 56(e):

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

I turn first to the question of whether the government has supported its contention that there is no genuine issue for trial and that it is entitled to partial summary judgment as a matter of law.

The Federal Water Pollution Control Act makes unlawful the discharge of any pollutant into a navigable water of the United States unless authorized by the secretary of the army acting through the chief of engineers. 33 U.S.C. §§ 1311(a) and 1344(a). Some of the pollutants which may not be discharged include dredged spoil, rock, sand and cellar dirt. 33 U.S.C. § 1362(6). The government's motion seeks to establish that the improvements in question—the terminal portions of Glenayre and Skyview Drives—

were constructed by the unauthorized discharge of pollutant fill material into an area that qualifies as a navigable water of the United States.

The government has shown by photographs attached to the August 28, 1978, affidavit of Gary Knapton, an engineering technician employed by the army corps of engineers, that the portions of Glenayre and Skyview Drives in question were constructed by the deposit of fill material consisting of sand, rock and dirt into the disputed area. The plaintiff has not challenged the government's assertion that this material qualifies as a pollutant under § 1362.

It is undisputed that the fill material was placed in the disputed area without authorization from the government. (Complaint, exhibit "D" city of Neenah's answer to cross-claim of the United States, ¶ 7).

The disputed issue on the present motion is whether the area into which the unauthorized deposit was made is a navigable water of the United States within the meaning of § 1362.

It is clear that in enacting the 1972 amendments to the Federal Water Pollution Control Act, Congress "intended to extend the Act's jurisdiction to the constitutional limit." *State of Minnesota v. Hoffman*, 543 F.2d 1198, 1200 n. 1 (8th Cir. 1976), cert. denied 430 U.S. 977, 97 S.Ct. 1672, 52 L.Ed.2d 373 (1977). *People of the State of California v. Environmental Protection Agency*, 511 F.2d 963, 964–65 n. 1 (9th Cir. 1975), *rev'd on other grounds*, 426 U.S. 200, 96 S.Ct. 2022, 48 L.Ed.2d 578 (1976). Accordingly, courts have construed the jurisdictional reach of the Act to include wetland areas. *United States v. Holland*, 373 F.Supp. 665 (M.D.Fla.1974); *United States v. Smith*, 7 E.R.C. 1937 (E.D.Va.1975); *Conservation Council of North Carolina v. Costanzo*, 398 F.Supp. 653, 673 (E.D.N.C.), affirmed, 528 F.2d 250 (4th Cir. 1975).

The army corps of engineers promulgated the regulations in 1974, defining "freshwater wetlands" covered by the Act as including:

". . . marshes, shallows, swamps and similar areas that are contiguous or adjacent to other navigable waters and that support freshwater vegetation. 'Freshwater wetlands' means those areas that are periodically inundated and that are normally characterized by the prevalence of vegetation that requires saturated soil conditions for growth and reproduction." 33 C.F.R. 209.120(D)(2)(i)(h).

Believing that its intent to cover isolated wetlands was not clearly expressed, 42 F.R. 37129 (July 19, 1977), the army corps of engineers amended the definition of wetlands, effective July 19, 1977, to include:

". . . those areas that are inundated or saturated by surface or ground waters at a frequency and duration sufficient to support, and that under normal circumstances to support, a prevalence of vegetation typically adapted for life in saturated soil conditions. Wetlands generally include swamps, marshes, bogs and similar areas."

The plaintiff urges in this case that the July, 1974, version of the regulations defining freshwater wetlands controls whether the area on which the fill material was deposited is a wetland area and whether the army corps of engineers has jurisdiction over that area. The government concedes that the 1974 regulation applies to any fill placed prior to the effective date of the new regulation, July 19, 1977, but argues that the area in dispute qualifies as a freshwater wetland area under the 1974 as well as the 1977 regulation. Therefore, I now address the question whether the fill material was deposited on a freshwater wetland as defined by the 1974 regulation.

Broken down to its components the 1974 regulation defines a wetland as an area that is (1) a marsh, shallow, swamp or similar area contiguous or adjacent to other navigable waters and that support freshwater vegetation; (2) periodically inundated, and (3) normally characterized by the prevalence of vegetation that requires saturated soil conditions for growth and reproduction.

The government has submitted affidavits of a biologist, a microbiologist and a regional analyst, supported by maps and photo-

graphs. Based on their personal observations and tests, all three of these individuals identify the area on which the northernmost terminal sections of Glenayre and Skyview Drives are located as a wetland area adjacent to Lake Winnebago. They have identified on both sides of Glenayre Drive plant species which in order to survive require wetland soil conditions and inundation during some part of the growing season. Furthermore, each of these three individuals avers that he has observed standing water on the land in question, and one states that while standing on Glenayre Drive, he observed a school of minnows in water coming up to the edge of the fill.

Finally, the maps demonstrate that the area in question is adjacent or contiguous to Lake Winnebago and is connected to the lake by a culvert. The government's affiant states that he observed water running from the lake through such culvert to the wetland area. Based on their observations, the edge of the wetland area is plotted south of, and therefore includes, the portion of Glenayre Drive in dispute.

Although the plaintiff suggests that the credibility of these witnesses is suspect and should be tested at trial, the government has clearly met its burden of supporting its summary judgment motion with affidavits as provided in Rule 56. Accordingly, it is incumbent upon the plaintiff to come forward with affidavits or other evidentiary material to show that a genuine issue for trial exists.

In an effort to controvert the government's showing, the plaintiff has submitted an affidavit of Robert Lueck, a director of the plaintiff corporation who has "thirty years's experience in the construction business." In his affidavit, at paragraph 5, he states that

> "I have examined the filled area on numerous occasions since 1968. To my knowledge the waters from Lake Winnebago have never flooded or covered the filled areas located on Glenayre Drive and Skyview Drive."

■ I am not persuaded by Mr. Lueck's statement that there is a genuine issue for trial. Initially, I do not believe that Mr. Lueck is competent to testify as to the identification of wetland areas and associated biological matters. Rule 56(e) requires that affidavits "show affirmatively that the affiant is competent to testify to the matters stated therein." Second, his statement that the filled areas were never covered by water from Lake Winnebago does not controvert anything in the government's affidavits. There is no assertion by the government that the *filled areas* have been covered by water. Indeed, it is the government's claim that because of the deposit of fill material on Glenayre and Skyview Drives, the filled areas are raised and the wetland vegetation underneath has been destroyed, requiring that the wetland must therefore be restored.

■ I am also unconvinced by the plaintiff's argument that an issue of fact is raised because of the disagreement between the Wisconsin department of natural resources and the army corps of engineers over the location of the ordinary high-water mark. The ordinary high-water mark may be a measure of the state's jurisdiction, but it does not limit the federal government's jurisdiction. *United States v. Holland*, 373 F.Supp. 665, 670 (M.D.Fla.1974).

■ In conclusion, I find that the government has supported its contention that no issue of material fact exists as to whether the disputed portions of Glenayre and Skyview Drives were constructed by the unauthorized deposit of a pollutant in a navigable water of the United States. The plaintiff has failed to controvert the government's contention with any matter in the record. Accordingly, partial summary judgment will be granted to the government.

Therefore, IT IS ORDERED that the motion for partial summary judgment of the United States and the department of the army, corps of engineers, be and hereby is granted.

IT IS ALSO ORDERED that partial summary judgment be entered as follows:

The terminal section of Glenayre Drive, 508 feet in length when measured along its centerline from the manhole located at the intersection of Glenayre Drive and Skyview Drive and the terminal section of Skyview Drive, 135 feet in length when measured along its centerline from the same manhole, all located in the Northeast ½ of Section 34, Town 20 North, Range 17 East, were constructed by discharging fill into a wetland area which is a water of the United States, in violation of 33 U.S.C. § 1311.