**LESLIE SALT CO., a Delaware corporation, Plaintiff,**

v.

**The UNITED STATES of America; John O. Marsh, et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**LESLIE SALT, CO., a Delaware corporation, Cargill Inc., a Delaware corporation, Defendants.**

Nos. C–85–8615–CAL, C–86–4187–CAL.

United States District Court, N.D. California.

April 24, 1987.

---

Edgar B. Washburn, John P. Yeager, Washburn & Kemp, San Francisco, Cal., for plaintiff in No. C–85–8615–CAL.

Francis B. Boone, Asst. U.S. Atty., San Francisco, Cal., for defendants in No. C–85–8615–CAL.

E. Clement Shute, Jr., Shute, Mihaly & Weinberger, San Francisco, Cal., for Save San Francisco Bay Ass'n and the Nat. Audubon Soc.–defendants in intervention.

Edgar B. Washburn, David M. Ivester, Ronald E. Altman, Washburn & Kemp, San Francisco, Cal., for defendants in No. C–86–4187–CAL.

## ORDER

LEGGE, District Judge.

The United States[1] has moved for a bifurcation and stay. In the motion the United States seeks: (1) to defer the present schedule for discovery, pretrial, and trial; (2) to have one issue—the central issue in these cases—determined initially by the Corps of Engineers; (3) to order the Corps to file its determination by a certain date; (4) to schedule this court's review of that determination, with briefing by the parties; and (5) to stay all other proceedings in the meantime. The central issue in both cases is whether the properties of Leslie[2] are wetlands within the meaning of section 404 of the Clean Water Act; 33 U.S.C. § 1344. Leslie opposes the motion and seeks to proceed to a plenary trial before this court on that central issue.

The motion has been briefed, argued and submitted. The court has considered the motion and supporting papers, the opposition and supporting papers, the extensive briefs of the parties, the arguments of counsel, the record, and the applicable authorities. The court is of the opinion that the motion should be denied for the reasons set forth below.

### I.

In October 1985, the Corps asserted initial jurisdiction over Leslie's lands, as being wetlands within the meaning of the Act, and determined that Leslie was doing certain work on those wetlands without the permits required by the Act. The Corps issued a cease and desist order. Leslie then brought action No. C–85–8615 to contest the Corps' jurisdiction over its lands.

The United States moved to dismiss action No. C–85–8615, and this court denied the motion. The court determined that the cease and desist order was action by the Corps sufficient to show that the Corps had exercised initial jurisdiction over the lands, and that Leslie could then bring action No. C–85–8615 to contest the Corps' jurisdiction. The United States subsequently brought action No. C–86–4187, in which the Corps again asserts jurisdiction over the lands and seeks injunctive and declaratory relief and the imposition of civil penalties for alleged violations of the Clean Water Act and the River and Harbor Act (33 U.S.C. § 401, *et seq.*).

### II.

This motion involves more than the procedural considerations usually involved in requests for bifurcation or stay. Instead,

---

1. The term the "United States" includes all defendants in action C–85–8615, and plaintiff in action C–86–4187.

2. The term "Leslie" shall include plaintiff Leslie Salt Company and defendant Leslie Salt Company and Cargill, Inc., defendants in action No. C–86–4187.

resolution of this motion will determine the scope and legal standard for the proceedings in this court and for the decision of the central issue. If this court grants the motion, it is necessarily deciding that the Corps has the right to determine initially the issue of whether the lands are wetlands, and hence the Corps' own jurisdiction over Leslie's lands. And this court, then acting under the Administrative Procedure Act, 5 U.S.C. § 706, could only review the Corps' decision and its administrative record. The court could upset that decision only if it found that the Corps' decision was arbitrary, capricious, an abuse of discretion, or contrary to law. Obviously, that review by this court would be much less than a full trial on the merits.

Leslie contends that, having brought this action to contest the Corps' jurisdiction, and then having been sued by the United States to enforce that jurisdiction, it is entitled to a plenary trial. That is, Leslie argues that the issue of the Corps' jurisdiction should be determined by this court on the evidence in a plenary trial, rather than by simply reviewing a decision by the Corps.

It should be noted that the Corps has no procedures, either by statute or by regulation, for a full hearing before it. Rather, the Corps conducts its own investigations and makes its determination without a formal hearing. The Corps does request information from the landowner, but the rights of the landowner are informal only. The constitutionality of this procedure has been upheld, *see Buttrey v. United States,* 690 F.2d 1170 (5th Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2087, 77 L.Ed.2d 298 (1983). But there is obviously a considerable difference to the landowner whether the determination of jurisdiction is made by the Corps, followed by limited Administrative Procedure Act review, or is made by a district court.

### III.

Neither the primary statute involved here (the Clean Water Act), nor the secondary statute (the River and Harbor Act), nor the Administrative Procedure Act provide an answer to the question of whether the Corps or this court should initially determine the Corps' jurisdiction when there is a challenge to that jurisdiction by the landowner.[3] The court is therefore left to the reported decisions for guidance. And unfortunately the reported decisions do not offer a clear-cut answer. Indeed, language and reasoning can be cited from most of the relevant cases for either position.

### IV.

The court concludes from the applicable case authorities that when a landowner brings an action to challenge the jurisdiction of the Corps, or the Corps brings an enforcement action which raises the issue of jurisdiction over the lands and the landowner joins that issue, the decision on jurisdiction is to be made by the district court in a plenary trial and not by the Corps. If after trial the court determines that the Corps does have jurisdiction, then it may remand all or certain portions of the case to the Corps for other relevant determinations within the Corps' jurisdiction.

The court believes that these conclusions are supported by *United States v. Riverside Bay View Homes, Inc.,* 474 U.S. 121, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985) (trial court determined property was wetland; appellate court accepted factual determination of trial court, but found property not a wetland under new definition; Supreme Court reversed, holding property was a wetland); *Swanson v. United States,* 600 F.Supp. 802 (D.Idaho 1985) (held Corps made jurisdictional determination when sent "stop work" letter; no administrative remedies to exhaust; court determined jurisdictional issue on stipulated facts), *aff'd,* 789 F.2d 1368 (9th Cir.1986).[4]

3. Nor does the legislative history of those statutes.

4. *See also, U.S. v. Byrd* 609 F.2d 1204 (7th Cir. 1979) (affirming trial court's grant of summary judgment; trial court made independent determination of jurisdictional issue); *U.S. v. Sexton Cove Estates,* 526 F.2d 1293 (5th Cir.1976) (under Rivers & Harbors Act; reversed, in part and on the merits, trial court's plenary determination of jurisdiction over five landlocked canals);

The court has reviewed the numerous cases cited by the United States, but believes that they are not applicable to this case. Those cases were ones in which: (1) the landowners participated in the administrative hearings or procedures before the Corps; *e.g., Bailey v. United States,* 647 F.Supp. 44 (D.Idaho 1986); (2) the parties sought a permit from the Corps and did not contest its jurisdiction; *e.g., Friends of the Earth v. Hintz,* 800 F.2d 822 (9th Cir.1986); and *Buttrey v. United States, supra;* (3) the suit was brought by third parties, *e.g., Friends of the Earth, supra,* and *Avoyelles Sportsmen's League v. Marsh,* 715 F.2d 897 (5th Cir.1983); (4) the Corps had in fact taken no action; *e.g. Avoyelles, supra;* or (5) the Corps had asserted jurisdiction over some of the land and the issue was the extent of its jurisdiction, *e.g. Avoyelles.*

## V.

IT IS THEREFORE ORDERED that:

The United States' motion for bifurcation and stay is denied. The jurisdictional issue of whether Leslie's lands are wetlands within the meaning of the Act will be determined by the court in a plenary trial.

*Weiszmann v. District Engineers, U.S. Army Corp,* 526 F.2d 1302 (5th Cir.1976) (same outcome as in *Sexton Cove* in action brought by landowner); *U.S. v. St. Bernard Parish,* 589 F.Supp. 617 (E.D.La.1984) (plenary trial determining jurisdictional issue); *U.S. v. Lambert* 589 F.Supp. 366 (M.D.Fla.1984) (plenary trial determining property was a wetland; proof by preponderance of evidence was measure of government's burden of persuasion); *U.S. v. Ciampitti,* 583 F.Supp. 483 (D.N.J.1984) (in action for preliminary injunction, court made own determination that property was a wetland); *U.S. v. City of Fort Pierre,* 580 F.Supp. 1036 (D.S.D.1983) (plenary trial determining property was a wetland) *rev'd,* 747 F.2d 464 (9th Cir.1984) (holding property not a wetland); *Parkview Corp. v. Department of Army Corp of Engineers,* 469 F.Supp. 217 (E.D.Wis.1979) (on motion for summary judgment court determined no genuine issue of material fact on whether land was a wetland).