740 F.Supp. 736 (1990)
FERCOM AQUACULTURE CORPORATION, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.
No. N89-0116C.
United States District Court, E.D. Missouri, N.D.
July 13, 1990.
*737 Cobrun, Croft & Putzell, Richard A. Mueller, Edwin G. Harvey, John F. Medler, Jr., St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is currently before the Court on defendants' motion to dismiss. For the following reasons, the Court grants the motion.
This action arises from an administrative compliance order issued on August 2, 1989 by the United States Army Corps of Engineers ("Corps") directing Floyd E. Riley ("Riley") to cease and desist unauthorized discharges of fill material into waters of the United States, as defined by the Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"), attendant to the construction of fish ponds on plaintiff's property. Riley is the corporate officer and shareholder of plaintiff FERCOM Aquaculture Corporation ("Fercom"). On or about March 23, 1989 and April 24, 1989 Riley conveyed to Fercom the property involved in the cease and desist order.
Fercom filed this suit against the United States of America; John H. Atkinson, III, a Corps District Engineer; and William K. Reilly, Administrator, United States Environmental Protection Agency ("EPA") seeking both declaratory and injunctive relief. Fercom asserts that jurisdiction is proper under 28 U.S.C. § 1331. It also alleges that the property over which the United States government has asserted CWA jurisdiction is not a "wetland" or a "water of the United States" subject to the regulations of the Clean Water Act. Fercom also alleges that, if its property is interpreted to be a "wetland" or a "water of the United States," such an interpretation violates the Commerce Clause, as well as Fercom's rights of due process and equal protection.
Fercom seeks a permanent injunction forever restraining the Corps and any of its officers, agents or representatives from asserting any type of jurisdiction under the Clean Water Act over Fercom's property; from further threatening to take any type of administrative or judicial action against Fercom; from interfering in any way with Fercom's construction and/or reconstruction or maintenance of catfish ponds located on its property; from issuing any further cease and desist orders relating to said project; and from making any determination or finding that any portion of Fercom's property (with the exception of property located within the banks and below the ordinary high water mark of the East Fork itself, which Fercom appears to admit does constitute wetland or waters of the United States) is subject to the Clean Water Act.
*738 Fercom alleges that if the United States and its agencies are not permanently enjoined as sought, Fercom will suffer irreparable harm in the following respects: Fercom will be forced to choose between maintaining or repairing the banks of its ponds and violating the government's cease and desist order[1]; that if Fercom does undertake maintenance and repair work, the government will accuse Fercom of being a "flagrant and multiple violater;" Fercom's business relations will be harmed, if not destroyed, by the impending charges explicitly and implicitly threatened in the government's August 2, 1989 letter, in that Fercom's business reputation and its strength and financial security will be diminished in the eyes of Fercom's suppliers and customers and that Fercom's credit relationship with its lenders will likewise be impaired.
Fercom alleges further that the above-described harm to Fercom will also harm the catfish industry in Randolph County and in Missouri, generally, which will harm the state and local economy.
Finally, Fercom alleges that it will be harmed insofar as it will be forced to
acquiesce in, or litigate in agency proceedings questions whether the Army Corps has Clean Water Act jurisdiction over Fercom's property; whether a § 404 permit is required, whether EPA administrative actions will be taken against it, including the issuance of a purported civil penalty; and although the government's *739 position in those regards is wholly without merit (and contrary to the government's prior representations [in connection with an earlier case in which a consent decree was entered]), Fercom will be forced to incur burdensome costs while litigating the same before these agencies, as well as sustain substantial business damages and business interruption by virtue of said litigation and/or agency proceedings.
Complaint, ¶ 121, p. 16.
Defendants assert three bases for their motion to dismiss. First, they allege that plaintiff has failed to allege an adequate basis for federal subject matter jurisdiciton. Second, they allege that plaintiff's complaint is premature, under the administrative law doctrine of primary jurisdiction. Finally, defendants allege that the issues raised in the complaint are not ripe for judicial review.
In opposition to defendants' motion, plaintiff alleges that, because it is both asserting constitutional claims and questioning the government's interpretation of a federal statute, it has adequate subject matter jurisdiction. Further, plaintiff alleges that the doctrine of primary jurisdiction is inapplicable when the issue is whether the agency has jurisdiction in the first place. Plaintiff maintains, in fact, that the issue of the government's jurisdiction (over Fercom and its property) is the central issue of this case. Finally, plaintiff argues that the issue of whether or not to enjoin the government's action is ripe for judicial review because the government in its cease-and-desist order has directly threatened plaintiff with fines.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil sec. 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102.
Because the Court finds that the doctrines of primary jurisdiction and ripeness operate to prohibit judicial review at this time, it will only consider these bases for defendants' motions.
Plaintiff's argument that the government has no jurisdiction over its property is unavailing. As the Clean Water Act plainly sets forth, the government has jurisdiction over a "wetland" or "water of the United States." The issue plaintiff truly seeks to litigate in this Court is the government's interpretation of statutory and regulatory definitions of "wetland" or "water of the United States." This issue falls squarely within agency expertise and the courts only ill-advisedly substitute their judgment for that of the appropriate agency in such a circumstance. See, e.g., Red Lake Band of Chippewa Indians v. Barlow, 846 F.2d 474, 476 (8th Cir.1988).
Moreover, the Court finds that the facts of this case present substantial ripeness concerns. See, e.g., State of Missouri v. Bowen, 813 F.2d 864, 870 n. 15 (8th Cir.1987). The Corps of Engineers' cease-and-desist order does not constitute a final agency decision such as is required by the Administrative Procedure Act. 5 U.S.C. § 704[2]; Bowen, 813 F.2d at 870 n. 15. Moreover, the agency actions of which plaintiff seeks review herein concern factual determinations best resolved through the Corps' investigation.
*740 Plaintiff relies heavily upon Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). That case is unavailing in the circumstances presented to this Court. The agency action in Abbott took the form of a new rule which could potentially affect an entire industry. Because the Corps of Engineers' decision to commence an investigation of Fercom's fish pond construction affects only Fercom, the Court finds the agency action, even when final, to be of an adjudicatory nature. More significantly, because the agency in Abbott had promulgated a new rule, industry failure to comply therewith would certainly result in agency fines, or other adverse consequences. In this case, agency fines are only one potential action listed in the cease-and-desist letter. An equally potential result appears to be allowing Fercom to continue with its activities after receiving the proper § 404 permit.
Upon completion of the Corps' investigation and its final decision with regard to Fercom's fish pond construction, Fercom may seek judicial review of the Corps' choice of responses. Until that time, Fercom's attempt to seek judicial review is premature.
In accordance with all of the above, the Court grants defendants' motion to dismiss and dismisses plaintiff's complaint in the Court's Order filed herein on this date.
NOTES
[1] The cease and desist order, Ex. 8 appended to plaintiff's reply memorandum to defendants' motion to dismiss, is in the form of a letter from John H. Atkinson, Colonel, U.S. Army District Engineer. The letter states as follows:

Dear Mr. Riley:
This letter is in regard to your unauthorized discharge of fill material in wetlands adjacent to and in a portion of an unnamed tributary of the old channel of the East Fork Little Chariton River during the construction of fish ponds. This activity is located in Section 18, Township 55 north, Range 14 west in Randolph County, Missouri.
As you know, on April 28, 1989, Messrs. Cliff Sanders and Dave Meyer from our Glasgow, Missouri Project Office accompanied Mr. Mike Bowlby of your staff and Mr. Edwin Harvey, your attorney, on an inspection of your recent construction activity. Results of the inspection revealed that fill material had been placed in wetlands adjacent to the river and in a portion of the old channel during fish pond levee construction.
As you are aware, the Corps of Engineers has regulatory jurisdiction over all waters of the United States pursuant to the provisions of Section 404 of the Clean Water Act (33 USC 1344), which is administered under Federal regulations 33 CFR 320-330. These provisions require prior authorization from the Corps of Engineers for the discharge of dredged or fill material into waters of the United States, including wetlands. In accordance with Part 326.2 of the regulations, you, Mr. Mike Bowlby, and all others involved are again directed to do no further unauthorized work in our jurisdiction without proper Department of the Army (DA) authorization.
In accordance with Part 326.3 of the regulations, we are required to proceed with a detailed investigation of the work accomplished to date. As an aid in this investigation, you are afforded the opportunity to voluntarily provide all salient information pertinent to the work. This information will be used to supplement information obtained during our site investigation and to assist in determining the public interest in this matter. For your use in providing this information, enclosed is a list of questions entitled, "Information Requested on Unauthorized Activity(ies)." You need only answer those questions which you consider applicable to your work. If you do not provide the requested information within 30 days of your receipt of this letter, we will assume you are declining your opportunity to furnish any information.
Also, to aid in our investigation, by copy of this letter, views regarding your unauthorized activity, including the need for any immediate remedial work, are solicited within 30 days form the U.S. Environmental Protection Agency, the U.S. Fish and Wildlife Service, the Missouri Department of Conservation, and the Missouri Department of Natural Resources. Enclosed with the copies of this letter to the above agencies is a copy of our April 28, 1989 investigation report (15 pages).
Upon completion of our investigation, a determination will be made if the public interest would best be served by requiring any immediate remedial work, by allowing you to apply for an after-the-fact Department of the Army permit for authorization of the work, by referral to the Environmental Protection Agency for an administrative penalty, or by our pursuit of legal action.
The requested information must be submitted within 30 days of your receipt of this letter. In the interim, if you have any questions and/or wish to meet with members of my staff, please feel free to contact Mr. Lyle Keim, Chief, Permit Evaluation and Enforcement Section at XXX-XXX-XXXX.
[2] 5 U.S.C. § 704 provides in pertinent part:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.