**LESLIE SALT CO., a Delaware corporation, Plaintiff,**

**v.**

**The UNITED STATES of America, et al., Defendants.**

**No. C–90–0034–CAL.**

United States District Court, N.D. California.

Dec. 31, 1991.

Edgar B. Washburn, Washburn, Briscoe & McCarthy, San Francisco, Cal., for plaintiff.

Thomas H. Pacheco, Dept. of Justice, Land & Natural Resources Div. Environmental Defense Section, Washington, D.C., Francis B. Boone, Asst. U.S. Atty., Dept. of Justice, San Francisco, Cal., for defendants.

## ORDER OF DISMISSAL

LEGGE, District Judge.

■ Defendants move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, asking that the action be dismissed for lack of subject matter jurisdiction. The contention is that United States District Courts do not have jurisdiction to resolve the issue of the application of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, to specific property when the only administrative action has been the issuance of a cease and desist order to the landowner by the United States Army Corps of Engineers. The motion poses current and troublesome questions regarding the jurisdiction of the district court and of the Corps.

### I.

The Corps issued two cease and desist orders directing plaintiff to terminate certain activities on an eighty-nine acre tract of land which it owns. The cease and desist orders were issued under the authority of Section 404 of the Clean Water Act, 33 U.S.C. § 1344.

Leslie then filed this action challenging the Corps' assertion of jurisdiction over the property under the Act. The action was stayed for a considerable period of time, pending the conclusion of other litigation between Leslie and the Corps involving different property. Defendants then filed this motion for judgment on the pleadings, which is opposed by plaintiff, and the issue of jurisdiction is now before this court. The basic question is when the Corps' actions under the Act with respect to a parcel of property have reached the point where the issue of the application of the Act to the property can be made by a district court.

### II.

This case is another battle in the continuing war between Leslie and the Corps over substantial acreage which Leslie owns in the San Francisco Bay Area. Prior battles have been the subject of published opinions, both by this court and by the United States Court of Appeals for the Ninth Circuit. Several of those cases have involved questions of the jurisdiction of district courts *vis a vis* the Corps, and some have proceeded under the assumption, without discussion of the issue, of the district court having jurisdiction. A brief review of that history is helpful to identify and illuminate the jurisdictional dispute in the present motion:

In 1976, this court ruled on a summary judgment motion, in a dispute which involved Leslie and the Corps, under the Rivers and Harbors Act and the Federal Water Pollution Control Act. *Sierra Club v. Leslie Salt Co.*, 412 F.Supp. 1096 (N.D.Cal. 1976). As a part of that proceeding Leslie brought an action against the Corps, contending that the Corps did not have jurisdiction over some of the property. Apparently the Corps did not raise the issue of the jurisdiction of the district court, and the court resolved the dispute on its merits. The action was appealed to the Ninth Circuit and a reported decision, *Leslie Salt Co. v. Froehlke*, 578 F.2d 742 (9th Cir. 1978), reversed and modified the district court's decision. The court of appeals did not question that the district court had jurisdiction to resolve the dispute, but instead resolved the case on its merits.

The issue of jurisdiction indirectly came before this court again in *Leslie Salt Co. v. United States*, 660 F.Supp. 183 (N.D. Cal. 1987). The Corps issued cease and desist orders, and Leslie filed the action to contest the jurisdiction of the Act over its property. The United States made a motion for bifurcation and stay. As explained in that opinion, the central issue in the motion was whether the district court or the Corps was the proper body to determine initially whether the land was subject to the jurisdiction of the Act. This court concluded that when "a landowner brings

an action to challenge the jurisdiction of the Corps, or the Corps brings an enforcement action which raises the issue of jurisdiction over the lands," the decision on jurisdiction is to be made by the district court in a plenary trial and not by the Corps in an administrative proceeding. *Id.* at 185. However, in that case the Corps mooted the issue involved in the present motion by filing its own enforcement action which was consolidated with Leslie's action.

The United States did not appeal that decision. The case was then tried on the merits, and is reported in *Leslie Salt Co. v. United States,* 700 F.Supp. 476 (N.D.Cal. 1988), *rev'd on other grounds,* 896 F.2d 354 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1089, 112 L.Ed.2d 1194 (1991). This court discussed jurisdiction and restated its conclusion that the issue of jurisdiction over property under the Clean Water Act is to be determined in a plenary suit in district court. *Id.* at 477–78.

Again the United States did not appeal that restatement of district court jurisdiction. And the opinion of Court of Appeals in the appeal on the merits, *Leslie Salt Co. v. United States,* 896 F.2d 354 (9th Cir. 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1089, 112 L.Ed.2d 1194 (1991), did not discuss the jurisdiction of the district court *vis a vis* the jurisdiction of the Corps.

Other litigation in this circuit has also proceeded on the assumption that a district court's jurisdiction could be invoked upon the Corps' issuance of a cease and desist order. *Swanson v. United States,* 600 F.Supp. 802 (D.Idaho 1985), litigation under the Rivers and Harbors Act and the Clean Water Act, began when the Corps issued a cease and desist order. The landowner then filed suit. The district court held that the Corps had made its jurisdictional decision when it sent the cease and desist order, and concluded that the landowner could then proceed in the district court. The district court's decision on the merits was affirmed in 789 F.2d 1368 (9th Cir. 1986), but with no discussion of the jurisdictional question.

That history of litigation in this circuit would appear to establish that a district court has jurisdiction to resolve the application of the Clean Water Act to a parcel of property once the Corps issues a cease and desist order and the landowner files suit. However, the issue has not been expressly discussed by the courts involved, and the Corps has not squarely raised the issue before. It now does so here.

### III.

The only activities by the Corps to date regarding this property have been the two cease and desist orders. The Corps has not brought an enforcement action under the Clean Water Act, and has not joined issue with Leslie in this action over the jurisdiction of the Act.

Unlike the prior litigation discussed above, the Corps now presents statutory arguments challenging the jurisdiction of this court. First, it characterizes this action as an impermissible "pre-enforcement review" of the Corps' jurisdiction, and not a review of a "final agency action" pursuant to the Administrative Procedure Act, 5 U.S.C. § 704. Second, the Corps argues that the Clean Water Act itself precludes judicial review at this stage of the Corps' activities.

The court will discuss each of those points in order. But first, it is appropriate they discuss the procedures which either Leslie or the Corps could use to raise the issue of the application of the Clean Water Act to Leslie's property.

### IV.

The Corps has the power to issue cease and desist orders. 33 U.S.C. § 1344. Leslie takes the position that the issuance of those orders is a sufficient assertion of jurisdiction over its property for it to file an action in this court challenging the jurisdiction of the Act. The Corps says that such an order is not a formal determination by the Corps, and that such orders often simply request the landowner to provide information in order for the Corps to make its formal determination. That is of course the issue presented by this motion. How-

ever, both parties agree that upon receipt of a cease and desist order, the landowner has two other options. One is to apply to the Corps for a permit, and the other is to proceed with its activities on the property and await an enforcement suit by the Corps.

If the landowner applies for a permit, and is either denied a permit or is not satisfied with its conditions, the Corps' decision on the permit is final agency action and a challenge to that decision may be brought in district court. However, the scope of the court's review is then limited to the arbitrary and capricious standard under the Administrative Procedure Act. It should be noted that Leslie does not want a permit, but rather disputes any jurisdiction of the Act over its property.

Both sides agree that Leslie could simply proceed with its activities on the property and wait for the Corps to file an enforcement action in this court. The issue of the jurisdiction of the Act over the property would then be before the court on a *de novo* basis. However, Leslie would then bear any burdens from being deemed a "willing" violator for having ignored the cease and desist orders.

■ It does not appear that the Corps has any power to assess penalties, as does the Environmental Protection Agency. *See* Clean Water Act, Section 309(g), 33 U.S.C. § 1319(g).

With those procedures in mind, the court returns to the question of whether the issuance of the cease and desist orders provide a basis for Leslie to invoke the jurisdiction of this court.

## V.

As stated, the Corps' first argument is that the present suit is an impermissible pre-enforcement review, and is not a review of a final agency action. The second argument is that the Clean Water Act itself precludes district court action at this stage. These questions have not been squarely answered by the Ninth Circuit. The only conclusions that can be drawn from the history discussed above are inferences

from silence. However, because of subsequent decisions by district courts and circuit courts in other circuits, this court concludes that the Corps' issuance of cease and desist orders are not sufficient to create jurisdiction in this court.

## A.

This court has jurisdiction to review "final" agency action. 5 U.S.C. §§ 701–704. An agency's action is final for purposes of judicial review if it has " 'the status of law' " and " 'immediate compliance with [its] terms is expected.' " (*quoting Abbott Laboratories v. Gardner*, 387 U.S. 136, 152, 87 S.Ct. 1507, 1517, 18 L.Ed.2d 681 (1967)) *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 239–40, 101 S.Ct. 488, 493, 66 L.Ed.2d 416 (1980).

Several recent cases have held that the issuance of a cease and desist order by the Corps is a preliminary determination of jurisdiction and of possible Clean Water Act violations, but is not a final agency action reviewable by a district court. *See Mulberry Hills Development Corp. v. United States*, 772 F.Supp. 1553 (D.Md.1991); *Banks v. Page*, 768 F.Supp. 809 (S.D.Fla. 1991); *Route 26 Land Development Ass'n v. United States*, 753 F.Supp. 532 (D.Del. 1990); *Fercom Aquaculture Corp. v. United States*, 740 F.Supp. 736 (E.D.Mo.1990). A final agency determination reviewable by this court occurs when the Corps files a civil enforcement action or when it rules on a permit application. Cease and desist orders issued by the Corps create no penalties and no obligations not already imposed by the act.

Leslie argues that the finality standard should be applied in a flexible and pragmatic manner, citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). However, that generalized language has been given particularized application to Corps cease and desist orders in the cases cited in this order.

## B.

Several cases from other circuits have also held that the Clean Water Act itself precludes district court review at the stage

of the issuance of a cease and desist order. *See Southern Pines Assoc. v. United States,* 912 F.2d 713 (4th Cir.1990); *Hoffman Group, Inc. v. EPA,* 902 F.2d 567 (7th Cir.1990). Those cases analyzed the legislative intent of the Act and concluded that a cease and desist order was not enough to invoke district court jurisdiction. Those cases involved the Environmental Protection Agency, rather than the Corps. However, the jurisdiction defined by the Clean Water Act includes both agencies. And the fact that the EPA, rather than the Corps, was the agency involved in those actions should not alter the analysis regarding district court jurisdiction.

## C.

For the above reasons and based upon the authorities cited above, this court concludes that the issuance of a cease and desist order by the Corps is not sufficient to enable this court to resolve the jurisdiction of the Act over the property.

## VI.

IT IS THEREFORE ORDERED that the defendants' motion for judgment on the pleadings is granted, and the action is dismissed.