**LOTZ REALTY COMPANY, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**HAMPTON VENTURE NO. ONE, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 90–1678–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 19, 1990.

Richard R. Nageotte, and James S. Krein, Nageotte, McCormack, Krein & Gray, Woodbridge, Va., for plaintiff, Lotz Realty Co.

Richard B. Stewart, Asst. Atty. Gen., Environmental and Natural Resources Division, Jon M. Lipshultz, U.S. Dept. of Justice, Environmental Defense Section, Washington, D.C., John Phillip Krajewski, Asst. U.S. Atty., Office of the U.S. Atty., Norfolk, Va., for defendants.

## ORDER

CLARKE, District Judge.

This matter comes before the Court in Civil Action No. 90–1427–N for review of the Magistrate's Report and Recommendation. The Magistrate recommended to the District Court that this matter be dismissed for lack of jurisdiction.

■ The Court has made a *de novo* review of the file in Civil Action No. 90–1427–N including all briefs filed. The Court agrees with the Magistrate's Report and Recommendation on the grounds stated by the Magistrate. 5 U.S.C. § 704 provides for judicial review of final government agency action. In this case, the action of the Corps of Engineers in requiring the plaintiff to apply for an individual permit rather than approving plaintiff's plan under a nationwide or regional application is not final action because it does not deny plaintiff the right to carry out its plans.

For the reasons stated, Civil Action No. 90–1427–N is DISMISSED for lack of jurisdiction.

The plaintiff has moved to consolidate *Hampton Venture No. One v. United States of America, et al.,* Civil Action No. 90–1678–N with this action. The Motion is now MOOT because Civil Action No. 90–1427–N has been dismissed.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

## MAGISTRATE'S REPORT AND RECOMMENDATION

TOMMY E. MILLER, United States Magistrate.

This case was initiated by complaint filed June 28, 1990. The matter was referred to the undersigned United States Magistrate pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia.

### A. *Statement Of The Case*

This action arises out of a dispute between Lotz Realty Co. (Lotz) and the Army Corps of Engineers (Corps) as to what type of permit, if any, Lotz must acquire under the Clean Water Act in order to develop land it owns in York County, Virginia. Lotz, which proposes to develop a 12.51–acre subdivision on property it acknowledges to be wetlands, filed a complaint on June 28, 1990, against the United States and a number of its officers and employees. Lotz seeks a ruling that a Corps decision requiring it to obtain what is known as an individual discharge permit is either a wrongful exercise of jurisdiction, or, in the alternative, a wrongful exercise of discretion by the Corps North Atlantic Division Engineer. Lotz brings its complaint under the Declaratory Judgement Act, 28 U.S.C.S. § 2201 and 2202, the Administrative Procedures Act, 5 U.S.C. § 551 *et seq,* the United States as a Defendant, 28 U.S.C. § 1346, and Mandamus, 28 U.S.C. § 1361. Lotz claims federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On August 9, 1990, the United States filed a Motion to Dismiss for lack of subject matter jurisdiction. The motion was referred to this Court by Order of Reference dated September 18, 1990, and oral arguments were heard by the Court on that same day. Both sides have filed briefs and supplemental materials.

### B. *Background*

Lotz first became involved with the Army Corps and the permit process with regard to this property after filing a subdivision plan with York County. The county, following normal procedure, contacted the Corps Norfolk District Engineer for a determination of whether the development activity required a Clean Water Act permit. On November 7, 1989, the Corps notified the county that the Lotz property did indeed fall within its jurisdiction, that the proposed work would qualify for Nationwide Permit 26, and that predischarge notification would be required under 33 C.F.R. 330.5(a)(26) [discharges which cause the loss or substantial modification of one to 10 acres of jurisdictional headwater wetlands]. Plaintiff's Exhibit B. Nationwide permits, unlike individual permits, require little or no documentation. However, Nationwide Permit 26 gives Corps division engineers discretionary authority, under specific guidelines, to add conditions to use of the nationwide permit—or to require an applicant to seek an individual permit. 33 C.F.R. § 330.8.

Lotz provided the Corps District Engineer with the required discharge notification on April 30, 1990, "under protest and without waiver of (his) right to dispute jurisdiction." Plaintiff's Exhibit C. Upon receipt of the notification and further investigation, the Corps division engineer determined that the Lotz project would "cause more than minor individual and cumulative impacts to the aquatic ecosystem" and exercised his discretion to require an individual permit. Plaintiff's Exhibit D.

Lotz filed this action on June 28, 1990, asking the Court to declare that the Corps does not have jurisdiction over the property in question because, although it is wetlands, it is not "waters of the United States;" or, in the alternative, if jurisdiction over the property is found, that the decision of the division engineer to require an individual permit was abuse of discretion. The government contends that the judicial analysis Lotz requests is premature—that the Clean Water Act precludes review "of such informal agency advice before such time as the United States seeks judicial enforcement of compliance with the permit requirement, or the permit applicant appeals a permit decision to district court." Defendant's Brief, p. 12.

Lotz, on the other hand, argues that the judicial intervention it seeks is not pre-enforcement review because there has not been, nor will there be, any activity by Lotz subject to agency enforcement. Therefore, Lotz states, the Corps' actions create an actual controversy under the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, reviewable under the Declaratory Judgment Act. Lotz also argues that Environmental Protection Agency's assertion of jurisdiction over its property and/or the Corps division engineer's decision to require it to go through the individual permit process are reviewable as "final agency action" under the Administrative Procedures Act.

Finally, Lotz attempts to predicate jurisdiction on Mandamus, United States as a Defendant and Federal Question Jurisdiction.

### C. *Findings of Fact and Conclusions of Law*

#### 1. *Mandamus, United States as Defendant, and Federal Question Jurisdiction*

Lotz's contentions of jurisdiction based on Mandamus, United States as a Defendant and Federal Question jurisdiction need be addressed only briefly.

The Federal Question statute provides no independent basis for jurisdiction and does not constitute, in itself, a waiver of sovereign immunity from suit. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173 (5th Cir.1984); *DeVilbiss v. Small Business Administration*, 661 F.2d 716 (8th Cir. 1981). Thus, it would be useful to Lotz here only in conjunction with another statute.

Mandamus under 28 U.S.C. 1361 is an extraordinary remedy available only when a plaintiff can show: 1) that a public official has a plain duty to perform certain acts, 2) that the plaintiff has a plain right to have these acts performed, and 3) there exists no other adequate remedy by which

plaintiff's rights can be vindicated. *Cook v. Arentzen*, 582 F.2d 870 (4th Cir.1978). The Court finds that these elements are not present in Lotz's circumstances.

■ Lotz's claim of jurisdiction under 28 U.S.C. § 1346 is equally without merit. That section applies only when a plaintiff seeks monetary damages, not equitable relief. *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Moreover, suits under United States as a Defendant are barred where based on discretionary acts by a government agency or employee. 28 U.S.C. § 2680(a). Lotz is seeking injunctive relief against what clearly are discretionary acts by the Army Corps.

*2. Review Under the Clean Water Act*

■ In *Southern Pines Associates v. United States of America et al*, 912 F.2d 713 (1990), the Fourth Circuit held that the statutory structure and history of the Clean Water Act precluded judicial review of a compliance order issued by the Environmental Protection Agency unless and until the agency took steps to enforce it. In support of its contention that Lotz cannot obtain judicial review at this time, the government relies on the reasoning set forth in *Southern Pines.* The Court agrees that it is applicable.

> The structure of (the) environmental statutes indicates that Congress intended to allow EPA to act to address environmental problems quickly and without becoming immediately entangled in litigation … Considering this legislative history, the structure of these statutes, the objectives of the CWA, and the nature of the administrative action involved, we are persuaded that Congress meant to preclude judicial review of compliance orders under the CWA … *Id.* at 716.

Lotz argues that *Southern Pines* and other cases which involve pre-enforcement review of compliance orders [1] are distinguishable because there is no such order involved in its dispute with the EPA. Lotz contends that a review of the Corps decisions concerning its property at this phase is not pre-enforcement review because, where there is no possibility of future enforcement, there can be no "pre-enforcement" stage.

The Court, however, disagrees with this reasoning, and concurs with the government that the 11th Circuit's affirmance in the similar case of *Avella v. United States*, No. 90–5289 [916 F.2d 721 (table) ] (1990) is germane. As with Lotz, there was no compliance order. Instead, the plaintiff in *Avella* sought to have the court review the Corps' refusal to confirm that a particular nationwide permit would apply to plaintiff's proposed activities. The 11th Circuit's judgment in refusing to exercise jurisdiction applies equally well to Lotz:

> The response complained of here has no binding legal effect on the appellant as a potential permittee. It merely advised appellant that his proposed activity is unauthorized. The denial of judicial review … under the circumstances here is entirely consistent with … the regulatory scheme implicated in this case. *Id.* at 2.

Essentially, what Lotz wants is review of Corps decisions that, under the regulatory scheme, would precede the issuance of a compliance order if such an order was ever deemed necessary. Because *Southern Pines* tells us that judicial review of a compliance order is pre-enforcement review precluded by the statute, then it necessarily follows that judicial review at a stage even more preliminary is also precluded. *Avella*, where plaintiffs were in a similar posture with the EPA, confirms this. The Court therefore finds there is no actual controversy under the Clean Water Act reviewable under the Declaratory Judgment Act.

*3. Review Under the Administrative Procedures Act*

The parties agree that the Administrative Procedures Act (APA) provides for review of "final agency action for which

---

**1.** *Hoffman Group, Inc. v. EPA*, 902 F.2d 567 (7th Cir.1990); *Fiscella & Fiscella v. United States*,

717 F.Supp. 1143 (E.D.Va.1989).

there is no other adequate remedy in a court." 5 U.S.C. § 704. Indeed, they rely in part on the same cases in support of their contradictory characterizations of the Corps actions with respect to the Lotz property. Lotz, for example, argues that "the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication ..." and that "rights or obligations have been determined (and) legal consequences will flow from the agency action." *Marine Terminal v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970). But the government, quoting the exact same paragraph, argues just the opposite—that judicial review *will* disrupt, and that there are no legal consequences to the Corps decisions at this juncture.

The 11th Circuit apparently would agree with the government, as evidenced by its affirmance of *Avella.* This Court agrees with the government as well. It is true, as Lotz argues, that *Avella* involved a somewhat different "agency action" than the one at issue here—refusal by the Corps to confirm that a particular nationwide permit would apply to plaintiff's proposed activities, rather than exercise of discretion to require an individual permit. But the end result for plaintiff was the same. Like Lotz, Avella could either proceed despite the Corps' pronounced opinion that the nationwide permit would not apply and risk sanctions, or take the steps necessary to obtain an individual permit. As with Lotz,

> ... if he chooses the former course, judicial review of the nationwide permit issue will be available if and when the United States takes enforcement action. If he chooses the latter course, such review will be available if and when a challenge is brought to the Corps' decision on the individual permit application. Under no circumstances, however, is judicial review available until the defendant has rendered a formal, legally binding decision (such as an individual permit

decision), which presents the court with a fully developed administrative record to review. *Avella v. United States et al,* 89–10064–Civ.–JLK (1990), pp. 2, 3, 1990 WL 84499. (Emphasis added).

Lotz likens its situation with regard to the Corps action to that of plaintiffs in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The Court, however, agrees with the government that the comparison is strained. The agency action the Supreme Court found reviewable under the APA in *Abbott Labs* had far more immediate and devastating consequences to plaintiffs—either comply with the regulations in dispute at tremendous costs, or instantly face significant non-compliance penalties.[2] As insistent as Lotz is in cloaking itself in the same shroud as the *Abbott Labs* plaintiffs, the garb simply does not fit. Lotz may not wish to incur the cost and inconvenience of the individual permit process. And, as stated in oral argument, it most certainly does not want to knowingly violate a law and risk a judicially reviewable sanction. But unlike the plaintiffs in *Abbott Labs,* Lotz faces no automatic, unavoidable adverse consequences as a result of the agency action. As *Abbott Labs* itself makes clear, "a possible financial loss is not by itself a sufficient interest to sustain a judicial challenge to governmental action." *Id.* at 153, 87 S.Ct. at 1518.

In arguing that the Corps' exercise of jurisdiction over Lotz's property and subsequent requirement that it obtain an individual permit is not final agency action, the government correctly points to *Fiscella & Fiscella v. United States,* 717 F.Supp. 1143 (E.D.Va.1989). In that case, this Court dismissed a challenge to a Corps exercise of jurisdiction through the issuance of a "cease and desist" order for the same reason the government seeks dismissal here—lack of subject matter jurisdiction. Upon further inspection of the property as part of the ongoing regulatory process and af-

---

**2.** "There is no question in the present case that petitioners have sufficient standing as plaintiffs: the regulation is directed at them in particular; it requires them to make significant changes in their everyday business practices; if they fail to

observe the Commissioner's rule they are quite clearly exposed to the imposition of strong sanctions." *Abbott Labs,* 387 U.S. at 154, 87 S.Ct. at 1518.

ter judicial review was denied, the Corps on its own withdrew its exercise of jurisdiction. As the government states, "The regulatory process continued and by itself mooted the need for litigation." Defendant's Rebuttal Brief, p. 11.

It is interesting to note that the facts in *Fiscella* are far more compelling than those in the case at hand. Plaintiffs there were already well into the construction stage when the Corps first asserted jurisdiction over lands included in the subdivision. Yet this Court still found, and correctly so, that "plaintiff's attempt to seek pre-enforcement review of the Corps' jurisdictional decision not only encroaches on the Corps expertise, but also constitutes an attempt to make an end-run around the Administrative Procedures Act ... These matters are properly left to the Corps, the administrative agency chosen by Congress to make such determinations." *Id.* at 1147.

As noted earlier, an important consideration in determining whether an agency action is "final" for purposes of the APA is whether judicial review would disrupt the orderly process of adjudication. *Marine Terminal,* 400 U.S. at 71, 91 S.Ct. at 209–10. The government is correct in asserting that judicial review of the Corps decisions concerning the Lotz property at this stage would burden the agency by diverting manpower from its normal functions. This is clearly one of the reasons, as this Court noted in *Fiscella,* for the Clean Water Act's express enforcement scheme. And here, as there, "the courts are not authorized to ignore this legislative judgment." *Fiscella* at 1146.

Finally, Lotz cites a Corps regulation in support of its contention that the rulings it challenges are final for APA purposes. 33 C.F.R. § 320.1(a)(6) states:

> The Corps has authorized its district engineers to issue formal determinations concerning the applicability of the Clean Water Act ... to activities or tracts of land and the applicability of general permits or statutory exemptions to proposed activities. A determination pursuant to this authorization shall constitute a Corps final agency action. Nothing contained in this section is intended to affect any authority EPA has under the Clean Water Act.

The government contends, and the Court acknowledges, that this regulation applies only when the determination at issue is by nature the final agency action in a particular matter and is not applicable to Lotz's situation. If, for example, the Corps made a formal determination that no permit for a particular activity was needed, that would be the only possible time for any and all challenges to be raised by anyone opposing the proposed activity. Not so with Lotz, where the Corps determination that an individual permit is needed is not final agency action—unless Lotz chooses to make it so.

The Court finds that the Corps decisions to date in regard to Lotz Realty are not "final agency action" under the APA and thus are not reviewable at this stage.

### D. *Recommendation*

It is recommended that the United States' Motion to Dismiss be GRANTED with prejudice for lack of subject matter jurisdiction.

### E. *Review Procedure*

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 10 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto,* 737

F.2d 433 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).