HAMPTON VENTURE NO. ONE, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 90–1678–N.

United States District Court, E.D. Virginia, Norfolk Division.

May 6, 1991.

See also 757 F.Supp. 692.

Richard R. Nageotte, Nageotte & Borinsky, P.C., Woodbridge, Va., for plaintiff.

Michael A. Rhine, Office of the U.S. Atty., Norfolk, Va., Eileen T. McDonough, U.S. Dept. of Justice, Environment and Natural Resources Div., Environmental De-

fense Section, Washington, D.C., Robert Oswald, U.S. Army Corps of Engineers, Office of District Counsel, Norfolk District, Norfolk, Va., for defendants.

### FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's objections to the magistrate judge's Report and Recommendation filed February 28, 1991. After due consideration, in which this court conducted a *de novo* review of those portions of the magistrate judge's Report and Recommendation that plaintiff finds objectionable, the court accepts and adopts the magistrate judge's recommendation to dismiss the case.

### I. Procedural History

Plaintiff filed a complaint with this court on October 1, 1990. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants, on December 17, 1990, filed a motion to dismiss. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Practice 29 of the United States District Court for the Eastern District of Virginia, the matter was referred to a United States Magistrate Judge for a Report and Recommendation. After both sides briefed the issues, the magistrate judge heard oral argument on January 31, 1991, and received post-argument briefs. The magistrate judge recommended in his Report and Recommendation of February 28, 1991, that defendants' motion to dismiss be granted, because plaintiff's claim is moot and the court lacks subject matter jurisdiction. Magistrate Judge's Report and Recommendation at 9 (Feb. 28, 1991). Plaintiff objects to both of these conclusions by the magistrate judge.

### II. Analysis

Pursuant to 5 U.S.C. § 704, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." In this action, plaintiff seeks judicial review of a jurisdictional determination issued September 5, 1990, pursuant to 33 C.F.R. § 320.1(a)(6), wherein the United States Army Corps of Engineers ("Corps") asserted regulatory jurisdiction over certain property owned by plaintiff and determined that a discharge permit was required before plaintiff developed that property. *See* Complaint (Oct. 1, 1990). Plaintiff argues that 33 C.F.R. § 320.1(a)(6), by its language, renders the Corps' assertion of jurisdiction judicially reviewable as a final agency action.

Consistent with *Lotz Realty Co. v. United States*, 757 F.Supp. 692 (E.D.Va.1990), the court finds that notwithstanding the language of 33 C.F.R. § 320.1(a)(6), the magistrate judge correctly concluded that the court lacks subject matter jurisdiction over the instant case at this juncture.[1] As stated above, all the Corps did through its determination of September 5, 1990, is assert jurisdiction and require that plaintiff acquire a discharge permit. The assertion of jurisdiction by the Corps, without more, did not deny plaintiff the ability to carry out its plans. Therefore, the Corps' action at this juncture is not final agency action for which there is judicial review. *Lotz Realty, supra; accord Southern Pines Associates. v. United States*, 912 F.2d 713, 715 (4th Cir.1990); *Hoffman Group, Inc. v. EPA*, 902 F.2d 567, 569 (7th Cir.1990); *Route 26 Land Dev. Ass'n v. United States*, 753 F.Supp. 532, 539–41 (D.Del. 1990); *Fiscella & Fiscella v. United States*, 717 F.Supp. 1143, 1147 (E.D.Va. 1989); Memorandum Opinion and Order, *Hobbs v. United States*, Civil Action No. 89–327–N, at 8, 1990 WL 302173 (E.D.Va. Mar. 29, 1990) (unpublished) (all of these cases holding that pre-enforcement compliance or cease and desist order by Environ-

---

1. Counsel for plaintiff now attempts to distinguish the present case from *Lotz Realty. See* Plaintiff's Objections to Magistrate's Report and Recommendation at 5 (Mar. 11, 1991). The court not only disagrees with plaintiff's position on this point but also notes that plaintiff earlier moved the court to consolidate the present case and *Lotz Realty* on the ground that both cases presented "identical subject matter jurisdictional questions." Motion to Consolidate for Purposes of Determination of Jurisdictional Issues at 1 (Nov. 2, 1990).

mental Protection Agency ("EPA") or Corps under the Clean Water Act not judicially reviewable).[2]

Since the court accepts and adopts the magistrate judge's finding that there is no basis for judicial review at this juncture, i.e., that subject matter jurisdiction is lacking, the court need not address the issue of mootness.

### III. Conclusion

For the reasons set forth in this Final Order, the court GRANTS defendants' motion to dismiss. Accordingly, the Clerk shall enter judgment in favor of the defendants.

---

**2.** The court notes that counsel for plaintiff, Richard R. Nageotte, was the attorney in all of these cited cases, except *Hoffman Group, Inc.,* and *Route 26 Land Dev. Ass'n,* both cases outside of this Circuit. Mr. Nageotte repeatedly has filed cases in this court seeking pre-enforcement judicial review of compliance orders and cease and desist orders issued by the EPA or the Corps. Accordingly, Mr. Nageotte is hereby put on notice that any further such filings by him or his law firm in this court will be grounds for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. These continued actions by Mr. Nageotte are repetitive and frivolous in a settled area of law in this Circuit, and they only serve to clog the court's docket and to impose needless counsel fees and expense on Mr. Nageotte's clients and the United States.