980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gordon W. EPPERLY; Esther K. Epperly; Niels P. Epperly;
Bobbi J. Epperly, Plaintiffs-Appellants,
v.
UNITED STATES (U.S. Congress); IRS Employee No. 2981806539,
and a number of unknown Employees of U.S.,
Defendants-Appellees.
 
 1
 No. 91-35862.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted Nov. 6, 1992.*
Decided Nov. 24, 1992.
 
 3
 Before HUG, and POOLE, Circuit Judges, and PRO, District Judge.**
 
 
 4
 MEMORANDUM***
 
 
 5
 On November 2, 1990, Appellants Gordon, Esther, Niels, and Bobbi Epperly ("Epperlys"), appearing pro se, filed an amended complaint asserting various claims including: (1) that several unidentified employees of the United States Government have "trespassed" on their real property located in Alaska by arbitrarily classifying such land as "wetlands", and that such classification constitutes a taking of property without compensation in violation of the Fifth Amendment; (2) that Appellants are entitled to a refund of all federal income taxes paid given that they are "American Inhabitants" who possess sovereign powers and immunities and are thus "nonresident aliens" as defined by the tax code; and (3) that IRS employee number 2981806539 violated their constitutional rights under Article Four as well as the First, Fifth, Ninth, and Tenth Amendments by mailing Gordon Epperly a letter stating that he had been assessed $500 for filing a frivolous tax return.[1] See E.R. p. 7-15 (Amended Complaint, p. 5-13); Appellants' Brief, p. 9-20. In their amended complaint, Appellants further request a declaration that the Fourteenth Amendment was never ratified. See E.R. p. 13 (Amended Complaint, p. 11).
 
 
 6
 On April 30, 1991, the district court dismissed the Epperlys' amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This Court has jurisdiction under 28 U.S.C. § 1291 and affirms the district court.
 
 Standard of Review
 
 7
 We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. Dismissal is appropriate only if the district court concludes that the plaintiff can prove no set of facts to support his or her claim for relief. Id.
 
 I. Wetlands
 
 8
 In dismissing the Epperlys' allegations that the United States committed a "trespass" and violated the Fifth Amendment by classifying their land as "wetlands," the district court found that since the Epperlys have not been restricted in the use of their property, such claims were premature. See E.R. p. 106 (April 30, 1991 Order, p. 4). In their opening brief, the Epperlys concede that the question of whether their Fifth Amendment rights have been violated is unripe. See Appellants' Brief, at 9. Notwithstanding this, the Epperlys assert that the question of the jurisdiction of the Clean Water Act, 33 U.S.C. § 1251, et seq., over their property should be decided by the district court. The Epperlys are incorrect.
 
 
 9
 In the present case, the United States has taken no regulatory action against the Epperlys and the Epperlys have not demonstrated any hardship which would occur as a result of the district court's decision to decline jurisdiction. Accordingly, the district court properly dismissed the Epperlys' "wetlands" claims as premature. See American-Arab Anti-Discrimination Committee v. Thornburgh, 970 F.2d 501, 510-12 (9th Cir.1991); Lotz Realty Co. v. United States, 757 F.Supp. 692, 695-97 (E.D.Va.1990).
 
 II. Taxpayer Status
 
 10
 The Epperlys next argue that since they are "American Inhabitants" who possess sovereign powers and immunities, they are properly classified under the tax code as "nonresident aliens" and are not subject to taxation by the federal government. Such an argument is frivolous. See United States v. Cheek, 882 F.2d 1263, 1269, n. 2 (7th Cir.1989), vacated on other grounds 498 U.S. 192 (1991) (rejecting argument that defendant was not a "Fourteenth Amendment citizen" but rather a white male Christian with inherent and inalienable rights); United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986) (rejecting argument that a person is not a federal taxpayer because he or she is an absolute, free-born, natural individual).
 
 
 11
 The Epperlys do not dispute that they were either born in California or Alaska, and that they are all presently domiciled in Alaska. See Appellants' Brief, p. 14-17; Appellants' Reply, p. 2. Based on these facts, the district court properly found that the Epperlys were not "nonresident aliens" and thus subject to federal income tax. See 26 U.S.C. § 7701(b)(1)(B).
 
 III. IRS Employee Number 2981806539
 
 12
 The Epperlys further seek damages for violation of their rights as secured by Article Four of the United States Constitution as well as the First, Fifth, Ninth, and Tenth Amendments based on IRS Employee Number 2981806539 sending Gordon Epperly a letter stating that he had been assessed $500 for filing a frivolous tax return. Such an assertion is meritless.
 
 
 13
 No constitutional violation has ever been recognized for ministerial actions taken in the course of the collection of taxes. See Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991). Moreover, the mailing of the notice was objectively reasonable thus protecting the IRS employee from suit based on qualified immunity. Id.; Fry v. Melaragno, 939 F.2d 832, 838-39 (9th Cir.1991). The district court correctly denied the Epperlys' claims against IRS Employee Number 2981806539.
 
 IV. Fourteenth Amendment
 
 14
 The Epperlys also seek declaratory relief to the effect that the Fourteenth Amendment was never ratified. See E.R. p. 13 (Amended Complaint, p. 11). Such relief involves the evaluation of a political question which cannot be addressed by the courts. United States v. Stahl, 792 F.2d 1438, 1440-41 (9th Cir.1986), cert. denied, 479 U.S. 1036 (1987); see also United States v. Foster, 789 F.2d 457, 462-63 (7th Cir.1986), cert. denied, 479 U.S. 883 (1986); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.1983). Accordingly, the Epperlys' request for declaratory judgment was properly dismissed by the district court.
 
 V. Sanctions
 
 15
 The United States requests sanctions in the amount of $2,500 against the Epperlys for bringing this appeal. Because the Epperlys' arguments on appeal are entirely without merit, we grant the United States' request and impose sanctions in the sum of $2,500. See Fed.R.App.P. 38; 28 U.S.C. § 1912; and Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Philip Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to damages for violation of their constitutional rights, in their amended complaint Appellants "demand" that the United States prosecute Employee Number 2981806539 for violations of 18 U.S.C. § 1512(b) (tampering with a witness, victim, or informant), 18 U.S.C. § 872 (extortion), 18 U.S.C. § 912 (false personation), 18 U.S.C. §§ 1017, 1018 (fraud and false statements), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1717 (nonmailable letters and writings), and, if Appellants are determined to be "Fourteenth Amendment citizens," 18 U.S.C. § 242 (civil rights). See E.R. p. 12 (Amended Complaint, p. 10). Such demands are patently frivolous and were properly dismissed by the district court