**HOFFMAN GROUP, INC.,**
**Plaintiff–Appellant,**

v.

**ENVIRONMENTAL PROTECTION**
**AGENCY, et al.,**
**Defendants–Appellees.**

No. 89–1352.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1990.

Decided May 14, 1990.

---

Richard Elledge, Gould & Ratner, Chicago, Ill., Virginia S. Albrecht, Thomas C. Jackson, Susan H. Ephron, Beveridge & Diamond, Washington, D.C., for plaintiff-appellant.

Gail C. Ginsberg, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., John C. Harrison, Civ. Div., Appellate Section, Blake A. Watson, Robert L. Klarquist, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendant-appellee.

Before BAUER, Chief Judge,
CUMMINGS, Circuit Judge, and PELL,
Senior Circuit Judge.

CUMMINGS, Circuit Judge.

This case involves the timing of judicial review of Environmental Protection Agency ("EPA") compliance orders under the Clean Water Act, 33 U.S.C. §§ 1251–1376 ("the Act"). The Act is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). It prohibits discharge of dredge or fill materials into United States waters—including waters designated wetlands by the Army Corps of Engineers ("Corps") —without a permit issued by the Corps.

On August 4, 1988, the Hoffman Group, Inc. ("Hoffman") filed a complaint in federal court pursuant to 28 U.S.C. §§ 1331 and 1337 that sought review of an EPA order requiring Hoffman to stop filling its wetlands and to restore areas it had already filled. In dismissing the suit, the district court held that Hoffman was seeking impermissible pre-enforcement review of agency action taken under the Act. We affirm.

DISCUSSION

In 1978, Hoffman, a Chicago area developer of residential property, purchased 42.8 acres in northwestern Cook County, Illinois. This parcel is the site of a residential subdivision called Victoria Crossing, and Hoffman began construction there in 1985. In March 1986 an agent of the Corps noticed that construction had commenced at this site. The Corps determined that Hoffman had filled wetlands on this acreage and that the acreage was within the Corps' jurisdiction. Consequently, the Corps issued a cease and desist order in May 1986 telling Hoffman to apply for a *nunc pro tunc* permit to fill the area. This caused Hoffman to apply for such a permit in June 1986. However, because of the EPA's objections to Hoffman's proposed curative plan, the Corps denied the permit application in November 1987.

As a result of the foregoing, in December 1987 the EPA issued a Compliance Order under Section 309(a) of the Act (33 U.S.C. § 1319(a)). This order stated that Hoffman had filled 6.2 acres of wetlands without a permit, thus violating Section 301 of the Act (33 U.S.C. § 1311). The order required Hoffman to cease discharging fill into the wetlands and to provide the EPA with written plans to restore certain areas of the site. Finally, after receiving EPA approval of the plans, Hoffman was to complete the restoration actions in conformance with those plans.

If an alleged violator such as Hoffman does not abide by a compliance order, the EPA may seek to enforce the order in a federal district court under Section 309(b) of the Act (33 U.S.C. § 1319(b)). In such a suit, the court may issue an injunction requiring compliance and may impose civil penalties of up to $25,000 per day for each violation of the compliance order. 33 U.S.C. § 1319(d). See *United States v.*

*Cumberland Farms of Connecticut, Inc.*, 826 F.2d 1151 (1st Cir.1987), certiorari denied, 484 U.S. 1061, 108 S.Ct. 1016, 98 L.Ed.2d 981.

The EPA can also assess administrative penalties against violators, pursuant to Section 309(g) of the Act (33 U.S.C. § 1319(g)), which was added by Congress in 1987. A penalty imposed under this Section is subject to judicial review and must be upheld unless it is not supported by substantial evidence or it constitutes an abuse of discretion. 33 U.S.C. § 1319(g)(8). In January 1988 the EPA issued an administrative complaint under Section 309(g) of the Act (33 U.S.C. § 1319(g)) proposing a penalty of $125,000 for Hoffman's filling activities on this site. At the time of the oral argument in this case, this matter was still pending before an administrative law judge.

▇▇▇▇ Hoffman insists that it is entitled to judicial review of the EPA's December 1987 Compliance Order even though the agency has not decided whether to bring an enforcement action in court. The outcome of this controversy concerns interpretation of Section 309(a)(3) of the Act, which provides:

> (3) Whenever on the basis of any information available to him the Administrator finds that any person is in violation of section 1311, 1312, 1316, 1317, 1318, 1328, or 1345 of this title, or is in violation of any permit condition or limitation implementing any of such sections in a permit issued under section 1342 of this title by him or by a State or in a permit issued under section 1344 of this title by a State, he shall issue an order requiring such person to comply with such section or requirement, or he shall bring a civil action in accordance with subsection (b) of this section.

As the statutory language shows, Congress gave the EPA two options under this provision: first, issue a compliance order, or second, file a suit for enforcement. Hoffman's position that it is entitled to judicial review of a compliance order before any enforcement suit is brought would eliminate this choice.

While the question involved in this case is apparently one of first impression for a court of appeals, appellate decisions under the Clean Air Act and the Comprehensive Environmental Response, Compensation, and Liability Act hold that agency compliance orders such as involved here are unreviewable until enforcement proceedings are instituted. *Lloyd A. Fry Roofing Co. v. United States E.P.A.*, 554 F.2d 885, 891–892 (8th Cir.1977); *Dickerson v. Administrator, E.P.A.*, 834 F.2d 974, 977–978 (11th Cir.1987); *Wagner Seed Co. v. Daggett*, 800 F.2d 310, 315 (2d Cir.1986); *United States v. Outboard Marine Corp.*, 789 F.2d 497, 505–506 (7th Cir.1986), certiorari denied, 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403.

In drafting the Clean Water Act, Congress chose to make assessed administrative penalties subject to review while at the same time it chose not to make a compliance order judicially reviewable unless the EPA decides to bring a civil suit to enforce it. The decision below not only recognizes these Congressional choices but also assures Hoffman of a full opportunity to present its arguments before any sanctions can be imposed. If the administrative law judge approves the EPA proposal to assess a $125,000 penalty against Hoffman for its activities on the site, that decision will be subject to judicial review under 33 U.S.C. § 1319(g)(8). And, since the enforcement proceeding is the only forum for enjoining violations of the Act, Hoffman cannot be compelled to comply with the Compliance Order without an opportunity to challenge the Order's validity in court. Therefore Hoffman has been unable to persuade us that a potential defendant in an enforcement suit is entitled to a pre-enforcement suit judicial declaration that it has not violated the Act. Having provided a detailed mechanism for judicial consideration of a compliance order via an enforcement proceeding, Congress has impliedly precluded judicial review of a compliance order except in an enforcement proceeding. See *Block v. Community Nutrition Institute*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270; *Middlesex County Sewerage Authority v. National Sea Clammers*

*Ass'n,* 453 U.S. 1, 14, 101 S.Ct. 2615, 2623, 69 L.Ed.2d 435.

Finally, Hoffman will have an opportunity to present any constitutional arguments if the administrative law judge approves the proposed EPA penalty or if the EPA seeks judicial enforcement of the compliance order. Until then Hoffman is not subject to an injunction or any penalties for not obeying the Compliance Order.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.