747 F.Supp. 539 (1990)
Ricky Lee McGOWN, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.
No. N 89-0103 C.
United States District Court, E.D. Missouri, N.D.
October 5, 1990.
*540 Richard A. Mueller, Edwin G. Harvey, John G. Medler, Jr., Coburn, Croft & Putzell, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Craig D. Galli, U.S. Dept. of Justice, Land & Natural Resources Div., Environmental Defense Section, Washington, D.C., William H. Ward, Office of Regional Counsel, U.S. EPA Region VII, Kansas City, Kan., Angela Bennett, Office of Counsel, U.S. Army Corps of Engineers/Kansas City Dist., Kansas City, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss plaintiff's complaint.
Plaintiff, Ricky Lee McGown (McGown), brings the instant action seeking a declaration that a cease and desist order issued by the United States Army Corps of Engineers (the Corps) to enjoin alleged violations of section 404 of the Clean Water Act (the CWA), 33 U.S.C. § 1344, is void. Plaintiff has named the United States of America; John H. Atkinson, III, District Engineer of the Corps; and William K. Reilly, Administrator, United States Environmental Protection Agency (EPA) as defendants and seeks equitable relief, including a declaration that plaintiff's property does not contain "wetlands" as defined by the CWA and regulations implemented thereunder. Plaintiff also seeks a permanent injunction restraining the Corps and the EPA from asserting jurisdiction under the CWA.
Defendants have moved to dismiss plaintiff's complaint raising several alternative basis for dismissal. Defendants assert that plaintiff's complaint fails to allege a sufficient basis for the exercise of federal subject matter jurisdiction; that the cease and desist order is not subject to judicial review until the EPA or the Corps institutes an enforcement action; that the doctrine of primary jurisdiction vests the EPA and the Corps with the initial responsibility for resolving the issues raised in plaintiff's complaint.
The following facts are pertinent to the resolution of these issues. Plaintiff owns approximately 255 acres of land along the descending right bank of Mussel Fork Creek in Section 26, Township 56 North, Range 18 west in Chariton County, Missouri. On December 3, 1987, a neighboring farmer reported to the Corps that McGown was constructing an agricultural levee on his property. Because McGown had not obtained a permit pursuant to section 404 of the CWA authorizing construction of the *541 levee, the Corps conducted a site investigation of the property. On the basis of this investigation, the Corps determined that the proposed levee site was a "wetland" within the meaning of the CWA and regulations enacted thereunder.
Corps field investigators assisted McGown in completing an application for an "after-the-fact" permit pursuant to 33 C.F.R. § 326.3(e). At the time the application was prepared, McGown had raised 1,550 lineal feet of an existing three-foot agricultural levee to a height of six to eight feet. He sought permission to construct an additional 6,650 feet of new levee at a height of six to eight feet. (One hundred feet of the new levee had already been completed.) On February 17, 1988, the Corps received the signed permit application for processing. In a February 24, 1988 letter to McGown acknowledging receipt of the application, the Corps directed him to do no further work prior to receiving authorization.
During the course of the lengthy and rancorous permit process, the Corps and the EPA performed several site inspections of McGown's property, and McGown met with various representatives of state and federal agencies. Toward the conclusion of the process, the Corps learned that McGown had resumed construction of the levee.
On July 11, 1988, the Corps sent McGown a letter directing him to cease and desist the unauthorized construction. The letter also contained a proposed after-the-fact permit. The proposed permit authorized construction of the levee along an alignment similar, but not identical to, that proposed in the permit application. The proposed permit authorized the construction of a levee protecting McGown's existing cropped areas, but restricted the conversion to cropland of the remaining forested wetland without a section 404 permit.
McGown refused to accept the July 11, 1988 certified letter containing the cease and desist order and the proposed permit. The Corps delivered this letter through his attorney. Counsel for the Corps discussed the terms of the proposed permit with McGown's attorney, advising him that special condition "f," disallowed clearing of the treed areas landward of the levee by bulldozer or similar heavy machinery, and that such clearing in a wetland required a Corps permit.
McGown refused to sign the permit. On September 13, 1988, the Corps delivered a letter to Mrs. McGown, in McGown's absence. The letter directed McGown to remove the levee and restore the area to preconstruction conditions within 30 days.
On October 7, 1988, the Corps sought permission from McGown to enter his property to inspect the levee construction and land clearing. McGown refused to allow the Corps to enter his property. Pursuant to Section 308 of the CWA, the EPA provided inspection credentials to Corps personnel who conducted an inspection of the property on December 12 and 13, 1988. The Corps determined that the removal and restoration activities ordered by the September 13, 1988 letter had not taken place. In addition, the Corps found that many acres of trees and brush had been cleared, and that additional dredged or fill material had been discharged. The Corp furnished McGown's attorney with a copy of the site inspection report.
On March 10, 1989, the Corps wrote to McGown advising him that discharges of stockpiled material had been found during the December site inspection, and once again directing him to do no work without authorization from the Corps. McGown did not claim the certified letter, and it was sent to his attorney. In August, 1989, the Corps determined from a reconnaissance flight that most of the trees remaining in the floodplain had been cleared. On August 13, 1989 McGown filed the instant suit.
Because the issue is dispositive, the Court will first address the availability of pre-enforcement judicial review under the CWA. Defendants contend that such review is not available in this case and, in support of this position, cite the only two federal appellate decisions which have addressed the issue. See Southern Pines Assoc. v. United States, 912 F.2d 713 (4th *542 Cir.1990); Hoffman Group, Inc. v. E.P.A., 902 F.2d 567 (7th Cir.1990). Plaintiff asserts that the CWA does not preclude such review and that jurisdiction is proper under Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).
In Southern Pines Associates v. United States and Hoffman Group, Inc. v. E.P.A., the respective Courts of Appeal held that Congress, in enacting the CWA, "... impliedly preclude[d] judicial review of EPA compliance orders except in an enforcement proceeding." Southern Pines Associates, at 715 (quoting Hoffman Group, Inc. v. E.P.A., 902 F.2d 567 (7th Cir.1990)). This Court's examination of the statutory language, "the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved" also persuades it that Congress did not intend to allow for pre-enforcement judicial review under the CWA of orders such as the cease and desist order at issue here. Id. at 715 (quoting Block v. Cummunity Nutrition Institute, 467 U.S. 340, 345, 104 S.Ct. 2450, 2454, 81 L.Ed.2d 270 (1984) (citations omitted)). The Court agrees with the Fourth Circuit's conclusion that "Congress intended to allow the EPA to act to address environmental problems quickly and without becoming immediately entangled in litigation." Id. at 716.
Plaintiff asserts that the present case is factually distinguishable from Southern Pines Assoc. v. United States and Hoffman Group, Inc. v. E.P.A. Specifically, plaintiff contends that, unlike the plaintiffs in the other two cases, he endeavored to reach an informal resolution of the dispute within the administrative framework. Although laudable, McGown's efforts to reach a negotiated resolution of this dispute do not alter the rationale underlying the bar to pre-enforcement judicial review  Congress' concern that the EPA and the Corps should be able to act promptly and without becoming "immediately entangled" in litigation. See Southern Pines Assoc., at 716; Hoffman Group, Inc., 902 F.2d at 569. Therefore, this factual difference does not render McGown's claim distinguishable from the claims of the plaintiffs in Southern Pines or Hoffman Group.
Plaintiff also contends that his claim is distinguishable from that of the plaintiff in Southern Pines because the existence, not merely the extent, of agency jurisdiction is at issue in this case. This argument was rejected in Southern Pines and must be rejected in this case as well. See Southern Pines, at 717. This Court agrees with the Fourth Circuit's assertion that "[a]llowing the parties to challenge the existence of the EPA's jurisdiction would delay the agency's response in the same manner as litigation contesting the extent of EPA's jurisdiction." Id. (emphasis supplied). In addition, the Court notes that allowing the landowner to litigate the existence of agency jurisdiction prior to the institution of enforcement proceedings would frustrate agency efforts to reach an amicable resolution of disputes concerning compliance with the CWA.
Plaintiff further asserts that this case is not governed by the rulings in Southern Pines and Hoffman Group because the EPA issued compliance orders in those cases but has not done so in this case. The Court finds this distinction immaterial because the rulings in Southern Pines and Hoffman Group were not predicated on the issuance of compliance orders.
Those cases, in particular Southern Pines, stand for the proposition that pre-enforcement judicial review is not available under the CWA. In Southern Pines, the Fourth Circuit held that Congress intended to preclude judicial review "prior to [the institution of] an enforcement action or [the] imposition of penalties...." Southern Pines, at 717. After examining the statutory structure of the CWA, the courts in both cases concluded that a land owner may not obtain judicial review of agency action until the agency exercises one of its two statutory enforcement mechanisms: the assessment of civil penalties or the institution of an enforcement action. Southern Pines, at 716-17; Hoffman Group, 902 F.2d at 569. Although the agency may choose to issue a compliance order before undertaking enforcement, it need not do so. See Southern Pines, at *543 715-16 & n. 3. Although the agencies had chosen to issue compliance orders in the other cases, there is no indication that the absence of a compliance order would have altered the Courts' determinations.
Finally, plaintiff contends that the 1989 Federal Manual for Delineation of Wetlands and other manuals upon which defendants allegedly relied to assert jurisdiction over plaintiff's property are void because they were not promulgated in accordance with the procedures set forth in the Administrative Procedure Act, 5 U.S.C. § 553. The Court concludes that this argument is beyond the scope of the pleadings in this case. Apart from a single, cursory reference to this argument in a footnote to one of plaintiff's briefs, there is no other mention of this argument in the voluminous record now before the Court. See Plaintiff's Memorandum in Response to Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 13 n. 9. Plaintiff's complaint does not contain allegations which would support such a claim. In addition, plaintiff has not sought leave to amend his complaint to include this legal theory.
With respect to the additional constitutional infirmities asserted by plaintiff, the Court finds that these arguments do not preclude dismissal because plaintiff will have an opportunity to raise them in the context of an enforcement proceeding. See Southern Pines, at 717 (citing Hoffman Group, Inc. v. E.P.A., 902 F.2d 567, 570 (7th Cir.1990)).
On the basis of the foregoing, the Court concludes that plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction.