**Parks B. BANKS, Plaintiff,**

v.

**Robert W. PAGE, Assistant Secretary of the Army, et al., Defendants.**

**No. 91–10003–CIV.**

United States District Court,
S.D. Florida.

June 24, 1991.

---

James Stewart Mattson, Key Largo, Fla., for plaintiff Parks B. Banks.

Barbara Bisno, U.S. Atty., Miami, Fla., for defendants Robert W. Page, Hatch, Sobkey, Malson and U.S.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court upon motion of defendants to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on several grounds: one, that plaintiff fails to plead adequate grounds for subject matter jurisdiction, specifically that the Administrative Procedure Act and the Clean Water Act prohibit pre-enforcement judicial review of the agency actions involved here; and two, that plaintiff fails to state a claim upon which relief can be granted because his claim is time-barred.

### I. FACTUAL BACKGROUND

The facts surrounding this case are for the most part not in dispute. On April 7, 1983, defendant United States Army Corps of Engineers ("Corps") issued a Cease and Desist Order to plaintiff Parks B. Banks, declaring that plaintiff's placing of soil on two of his Big Pine Key lots, designated by Monroe County as Lots IQ and IR, constituted unauthorized filling of wetlands in violation of § 404 of the Federal Water Pollution Control Act, known as the Clean Water Act ("CWA"), 33 U.S.C. § 1344. The Cease and Desist Order also directed plaintiff to complete an "after-the-fact" permit application within 15 days. On April 16, 1983, plaintiff completed such application. On November 9, 1983, the Corps gave public notice, and after gathering comments from various federal, state, and local agencies, denied the application on April 5, 1984. These actions are not here challenged.

From time to time since 1983, soil has been placed on Lots IR and IQ, as well as Lots IO, IP, and QQ belonging to plaintiff. Between February 6, 1990, and November 27, 1990, the Corps issued four more Cease and Desist orders concerning Lots IR, IQ, IO, IP, and QQ. Plaintiff challenges these Cease and Desist Orders, claiming that the Corps lacks jurisdiction over the land.

On January 17, 1991, plaintiff filed a complaint against various officers of the Army and Army Corps of Engineers, and against the United States, praying for declaratory and injunctive relief against the government. Plaintiff seeks a declaration that his lots are not "waters of the United States" and therefore he is not required to have a permit to fill the land under the CWA. In the alternative, plaintiff seeks a declaration that his lots would have qualified for a general nationwide permit allowing the discharges. Or, plaintiff seeks a declaration that his activities are exempt from the permit requirements. Plaintiff also seeks a declaration that the Corps is estopped by the doctrine of laches from enforcing its 1983 Cease and Desist Order. Finally, plaintiff also seeks an injunction precluding the United States from bringing an enforcement action against plaintiff.

■ On March 8, 1991, defendants filed the motion to dismiss under Rules 12(b)(1) and 12(b)(6) addressed here. A 12(b)(6) motion may only be decided after finding jurisdiction, because to rule on the validity of the claim is an exercise of jurisdiction. *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Thus, the Rule 12(b)(1) challenging the subject matter jurisdiction of this Court must be decided first.

## II. RULE 12(b)(1) MOTION

■ Defendants move this Court to dismiss for lack of subject matter jurisdiction. In his complaint, plaintiff alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331 (Federal Question), 33 U.S.C. §§ 1251–1376 (CWA), 5 U.S.C. §§ 701–706 (Administrative Procedure Act ("APA")), and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act). Defendants argue that this Court lacks subject matter jurisdiction because none of the federal statutes which plaintiff cites grants jurisdiction. It is well settled that neither the Declaratory Judgment Act nor the Federal Question statute independently confers jurisdiction. *See, e.g., Borden v. Katzman,*

881 F.2d 1035 (11th Cir.1989) (Declaratory Judgment Act); *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173 (5th Cir.1984) (Federal Question statute). Therefore, the issue before the Court is whether the CWA or the APA confers jurisdiction.

### A. The Clean Water Act

■ Whether the CWA confers jurisdiction depends on Congressional intent in promulgating the CWA. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The CWA prohibits the discharge of pollutants into navigable waters without a permit. § 301, 33 U.S.C. § 1311(a). Section 502(7) defines navigable waters as "waters of the United States." The regulatory framework developed under the CWA authorizes the Corps, through the issuance of permits under § 404, to regulate discharges of dredged and fill material into navigable waters, which extends to certain wetlands. 33 C.F.R. § 328.3(a). The Corps may authorize this activity on an individual or general basis.

Upon learning of a violation of the CWA or a permit requirement, the Corps has the choice of either issuing a Cease and Desist Order or commencing an enforcement action in district court. A Cease and Desist Order is a letter sent to the violator by the Corps demanding compliance with the CWA or a permit requirement. It is not automatically enforceable, but instead to enforce it the government must bring an enforcement action in district court pursuant to § 309(b), 33 U.S.C. § 1319(b), or § 404(s)(3), 33 U.S.C. § 1344(s)(3).

Plaintiff argues that Eleventh Circuit law answers the question of whether judicial review of a Corps Cease and Desist Order is available. This Court does not agree. To support his contention, plaintiff cites several cases, but this Court finds that these cases are not dispositive. First, plaintiff states that *Weiszmann v. District Engineer, United States Army Corps of Engineers,* 526 F.2d 1302 (5th Cir.1976),[1] is

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit, including UNIT A, handed down prior to October 1, 1981.

indistinguishable from this case. In *Weiszmann*, the Fifth Circuit reviewed the Corps' claim of jurisdiction § 10 of the Rivers and Harbors Act, 33 U.S.C. § 403, and § 404 of the CWA, 33 U.S.C. § 1344, set forth in a Cease and Desist Order. Plaintiff property owner had sued for declaratory and injunctive relief as in the instant case. However, as the government points out, in *Weiszmann* the district court actually dismissed plaintiff's action (almost identical to that here) and instead ruled on the government's counterclaims (which do not exist here). The Fifth Circuit affirmed in part, reversing only a portion of the claim granted to the government. Furthermore, the Fifth Circuit decided the case relying primarily on the Rivers and Harbors Act, not the CWA.

Second, plaintiff points to *Bankers Life & Casualty Co. v. Callaway*, 530 F.2d 625 (5th Cir.1976), *cert. denied sub nom. Bankers Life & Casualty Co. v. Hoffmann*, 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977). Again, the Fifth Circuit allowed review of a Corps claim of jurisdiction under § 404 of the CWA. However, the agency action there was the Corps' denial of a license/permit renewal. Both sides in the instant case concede that if there had been a denial of permit here, plaintiff could appeal to the district court. This is discussed further, *infra*.

Third, plaintiff cites *Deltona Corp. v. Alexander*, 682 F.2d 888 (11th Cir.1982). That case involved a challenge to the Corps' refusal to issue § 404 permits and a demand for declaratory judgment regarding the extent of the Corps' jurisdiction over the property in question. The Eleventh Circuit allowed review of the denial of the permit, but it affirmed the dismissal of the latter claim based on plaintiff's failure to exhaust administrative remedies.

Finally, plaintiff cites *Buccaneer Point Estates, Inc. v. United States*, 729 F.2d 1297 (11th Cir.1984). The Eleventh Circuit again allowed review of pre-enforcement agency action. This involved a Corps order to cease certain work pending determination of jurisdiction. The Corps then sent a letter stating that work could resume.

Then, after new regulations were promulgated, the Corps sent another letter reversing its position. Plaintiff sued on estoppel grounds, or alternatively on the grounds that if relief were not granted, manifest injustice would result. Both the district court and the Eleventh Circuit agreed that estoppel grounds did not exist. However, the Eleventh Circuit found that the owner had justifiably relied on the Corps' letter and that had the owner not ceased work he would have completed the project before the new regulations were in effect. In contrast, here the Corps has consistently asserted its jurisdiction; thus, its assertion of jurisdiction could not result in manifest injustice in the same manner.

Plaintiff also argues that this Court's dicta in *United States v. Key West Towers, Inc.*, 720 F.Supp. 963 (S.D.Fla.1989) should control. That case involved a Corps enforcement action after a Cease and Desist Order under § 404 of the CWA. The land owners had filled the land after receipt of the order, believing the Corps had no jurisdiction. In a footnote, this Court simply stated that "[a] declaratory judgment action would have resolved the issue" at that point. *Id.* at 966 n. 8. Thus, since this is a case of first impression, this Court must determine the applicable law. The difficulty lies in choosing between its own dicta and reconsidering the question in accordance with recent circuit opinions on point. This Court is persuaded by the reasoning of the Fourth and Seventh Circuit opinions cited by the government and therefore denies pre-enforcement review of Cease and Desist orders.

Two helpful cases are *Southern Pines Assoc. v. United States*, 912 F.2d 713 (4th Cir.1990), and *Hoffman Group, Inc. v. EPA*, 902 F.2d 567 (7th Cir.1990), both of which held that the Clean Water Act prohibits review of EPA compliance orders issued under § 309. *Accord McGown v. United States*, 747 F.Supp. 539 (E.D.Mo. 1990) (following Fourth and Seventh Circuits to conclude that pre-enforcement review of EPA and Corps Cease and Desist Orders under § 404 of the CWA not available). *But see Swanson v. United States*, 600 F.Supp. 802 (D.Idaho 1985), *aff'd*, 789

F.2d 1368 (9th Cir.1986) (allowing pre-enforcement review of Corps Cease and Desist Order under § 404 of the CWA because no administrative procedure to challenge Corps jurisdiction).

In *Southern Pines,* plaintiffs challenged an Environmental Protection Agency ("EPA") compliance order under the CWA, claiming that the EPA lacked jurisdiction over the site. The Fourth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction. The court considered the legislative history, the structure of other environmental statutes, the objectives of the CWA, and the nature of the administrative action involved, and concluded that Congress intended to preclude pre-enforcement review. *Id.* at 715. The Fourth Circuit emphasized that the CWA enforcement scheme expressly authorized judicial review of orders issued by the EPA assessing administrative penalties as well as civil enforcement actions. The court thus found "clear and convincing evidence that Congress intended to exclude this type of action [pre-enforcement challenges to compliance orders]." *Id.* Congress gave the EPA a choice between bringing an enforcement action, assessing penalties, and issuing a compliance order. The court noted that pre-enforcement review of compliance orders would undermine the enforcement scheme of the CWA.

In *Hoffman Group,* the Seventh Circuit also denied review of a pre-enforcement EPA compliance order, holding that "Congress has impliedly precluded judicial review of a compliance order except in an enforcement proceeding." 902 F.2d at 569. The Seventh Circuit reasoned similarly to the Fourth, concluding that pre-enforcement review would eliminate the choice Congress had given the agency. *Id.* at 769.

These principles apply equally to Corps Cease and Desist Orders, given the similar options of the two agencies. In fact, in *McGown,* 747 F.Supp. 539, the district court denied pre-enforcement review of a Corps Cease and Desist Order issued under § 404 of the CWA, expressly rejecting the contention that there is a legal distinction between EPA compliance orders and Corps

Cease and Desist Orders because the rulings of the Fourth and Seventh Circuits "were not predicated on the issuance of compliance orders." *Id.* at 542; *see also Fiscella & Fiscella v. United States,* 717 F.Supp. 1143 (E.D.Va.1989) (noting in dicta that pre-enforcement review of Corps Cease and Desist Order encroaches on duties and expertise of Corps). Thus, this Court finds that the CWA precludes review of a Corps Cease and Desist Order prior to commencement of a civil enforcement action.

### B. The Administrative Procedure Act

 The APA does not provide a cause of action to challenge the Cease and Desist Orders unless they constitute "final agency action." 5 U.S.C. § 702. Both sides concede that if the Corps made a final decision on an individual permit application, no administrative appeal would be available, 33 C.F.R. § 320.1(a)(2), and thus appeal could be taken directly to the courts pursuant to the APA. 5 U.S.C. § 704. This is in contrast to certain other agency actions, not reviewable under the CWA because they are not final agency action for APA purposes. The question, then, is whether a Cease and Desist Order is final agency action. To determine finality, the relevant considerations "are whether the process of administrative decision making has reached a stage where judicial review will not disrupt the orderly process of adjudication or whether rights or obligations have been determined or legal consequences will flow from the agency action." *Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209–10, 27 L.Ed.2d 203 (1970); *see also Avella v. United States Army Corps of Engineers,* 20 Envtl.L.Rep. 20,-920, 1990 WL 84499 (S.D.Fla.), *aff'd per curiam,* 916 F.2d 721 (11th Cir.1990). In *Avella,* this Court held that the Corps' negative response to plaintiff's request for confirmation of a nationwide permit under the CWA did not constitute final agency action under the APA. This Court emphasized that the Corps' action had "no binding legal effect" on the plaintiff, but merely advises him of the Corps' opinion. *Id.*

After receiving the Corps' response, the plaintiff could continue with the activity if he was sure of his position, or initiate an individual permit application. *Id.* "Under no circumstances, however, is judicial review available until the defendant has rendered a formal, legally binding decision (such as an individual permit decision), which presents the court with a fully-developed administrative record." *Id.* This Court finds that a Cease and Desist Order does not alter rights or obligations; the penalties for violating an Order are the same as those for violating the CWA. Thus, a Cease and Desist Order is not "final agency action."

 Furthermore, even if a Cease and Desist Order were found to be final agency action, review would still be precluded. Section 704 provides for judicial review of final agency action, but § 701 precludes such review under either of two circumstances: (1) the regulatory statute precludes review, or (2) agency action is committed by law to agency discretion. As discussed above, the CWA prohibits review.

## III. RULE 12(b)(6) MOTION

Defendants also move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants claim that plaintiff's challenge to the 1983 Cease and Desist Order and the 1984 permit denial are time-barred. This Court does not reach this argument, since the 12(b)(1) motion dismisses the case.

Accordingly, after a careful review of the record, and Court being otherwise fully advised, it is

ORDERED and ADJUDGED that defendants' motion to dismiss is GRANTED.

DONE and ORDERED.