**BOARD OF MANAGERS, BOTTINEAU COUNTY WATER RESOURCE DISTRICT, Plaintiff,**

v.

**Colonel Stewart H. BORNHOFT, District Engineer, Omaha District, Corps of Engineers, U.S. Army, Defendant.**

No. A4–91–218.

United States District Court,
D. North Dakota,
Northwestern Division.

Jan. 20, 1993.

Murray G. Sagsveen, Bismarck ND, for plaintiff.

Cameron W. Hayden, Asst. U.S. Atty., Bismarck ND, Joshua M. Levin, U.S. Dept. of Justice, Washington, DC, for defendant.

MEMORANDUM AND ORDER

CONMY, District Judge.

This is an action for declaratory and injunctive relief against the Corps of Engineers (Corps) concerning the White Spur Drain in Bottineau County, North Dakota. Plaintiff Board of Managers (Board) is the governing body of the Bottineau County Water Resource District.

Before the court is the defendant's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and the plaintiff's motion for summary judgment. Platte Valley Contractors filed a motion for leave to file an amicus curiae brief. There is also a motion for hearing and for leave to file a supplemental brief by the Board. The court has reviewed the file and finds that a hearing is not necessary in this case.

The supplemental brief the Board wishes to file is in response to two cases that the Corps brought to the court's attention. The Corps filed the cases only for the court's information and the filing did not contain any argument. Therefore, the court finds that a supplemental brief is not required for the court's determination in this case.

Platte Valley requested to appear amicus curiae. The brief admittedly does not address the jurisdictional issues, but attempts to explain the events underlying the alleged unauthorized discharge. The jurisdictional issue is the primary concern to the court at this time, and Platte Valley's motion is DENIED. If necessary, the Board adequately set forth the factual basis underlying this case.

*Background*

The Bottineau County Water Resource District constructed an emergency channel in July 1975 to provide temporary relief for the flooding problems in the White Spur, North Dakota area. In 1979, the Board submitted state applications to construct a permanent flood control project and to improve the Stone Creek Channel, which were approved in 1986. The White Spur project would drain excess water from farmland into Stone Creek, and the Stone Creek Project would improve the creek channel between the White Spur project and the Souris River. Platte Valley Construction was awarded the contract for the construction of the projects.

In 1988 the Board applied for a § 404 permit pursuant to the Clean Water Act (CWA) because of plans to discharge dredged or fill material in wetlands. Section 404(a) authorizes the Corps to issue permits for the discharge of dredged or fill material at specified disposal sites. While the application was pending, work which did not require the permit was started on the project.

In June 1989, it came to the Corps' attention that Platte Valley Construction had deposited spoil material in a wetland on the White Spur project. The Corps issued a "cease and desist" letter to the Board, ordering the unauthorized work on the project to be discontinued. The Corps stated that the consideration of the § 404 permit would be suspended until the dispute could be resolved.

Two years after the cease and desist letter was issued the conflict had not been resolved and the permit had yet to be issued. The Board then brought this lawsuit, requesting the court to determine that the Board was not responsible for the unauthorized discharge and to compel the Corps to make a decision on the Board's § 404 application.

In its first claim for relief, the Board requests the court to enjoin the Corps from preventing the completion of the White Spur and Stone Creek projects, contending that the Board was not responsible for the placement of dredged material in an identified wetland. The Board contends that enforcement action should be taken against the contractor and not the Board.

The Board's second claim for relief concerned the Corps' action on their § 404 permit. After the filing of the complaint, the motion to dismiss and the motion for summary judgment, the Corps acted on the application for the permit. The parties have stipulated that the Board's second claim for relief may be dismissed as moot.

*Discussion*

The Corps initially filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b) of the Federal Rules in response to the Board's complaint. The Corps renewed its motion to dismiss after the § 404 permit was granted.

The Corps contends that this court lacks subject matter jurisdiction to make a ruling concerning the cease and desist order, and therefore the complaint must be dismissed.

**1014**

The Corps' position is that "a landowner may not seek judicial review of agency action pursuant to CWA until the agency assesses civil penalties or brings its own enforcement action." *Howell v. Army Corps of Engineers*, 794 F.Supp. 1072, 1074 (D.N.M.1992).

The Corps argues that since it has taken no action against the Board for the unauthorized discharge of fill material, the Board may not seek review of the Corps' actions.

In a related argument, the Corps asserts that the cease and desist order is not a final agency decision and therefore the case is not ripe for this court's review.

In opposition to the Corps' motion to dismiss, the Board filed a motion for summary judgment. The Board argues that the unauthorized discharge was a result of Platte Valley failing to comply with the Board's specifications for the White Spur Project. Thus, the cease and desist letter should have been issued against Platte Valley Construction. It is the Board's position that the Corps cannot shut down the White Spur Project because Platte Valley failed to comply with contract specifications.

The Board also argues that the letters issued by the Corps subsequent to the cease and desist order constitute "final agency action" and therefore are reviewable by this court.

Additionally, the Board declined to accept the permit, contending that it was too narrow a permit, and would not allow a practical completion of the project. The Board argues that now that the permit has been granted, it constitutes a final agency action and is reviewable by the court.

The Corps concedes that the granting of the permit constitutes a final agency action and that the Board may now challenge the Corps' decision on the administrative record pursuant to the Administrative Procedure Act. However, the Corps argues that the Board has not challenged that decision.

■ The court may only review a case if the final agency action pertains to the relief requested. In the instant case, the Board requests the court to declare that they are not liable for CWA violations. Therefore, in order for the court to have jurisdiction, the Corps' must have issued a final decision regarding the issues underlying the complaint.

The Board has not appealed the issue of the permit, but whether or not it is responsible for the discharge. Therefore, the court finds that although the Corps' decision regarding the § 404 permit is a final decision, that matter is not before the court.

■ The issue before the court is whether this court has jurisdiction to review the "cease and desist order."

Although the Eighth Circuit has not spoken directly on the issue, both the Fourth and Seventh Circuits have determined that congress intended to preclude judicial review of compliance orders issued under the CWA prior to enforcement action or imposition of penalties. *Southern Pines Associates, by Goldmeier v. U.S.*, 912 F.2d 713, 717 (4th Cir.1990); *Hoffman Group, Inc. v. E.P.A.*, 902 F.2d 567, 569 (7th Cir.1990); *See also McGown v. U.S.*, 747 F.Supp. 539, 542 (E.D.Mo.1990) (pre-enforcement judicial review was not available under the CWA for cease and desist letters).

Clearly, there is no independent basis from the CWA from which the court has jurisdiction.

The letter issued by the Corps dated June 1989 and subsequent communications requested the Board to "cease and desist" any unauthorized actions. The Corps has not brought an enforcement action or assessed any penalties. The court finds that it does not constitute a final agency action reviewable by the court.

The court does not have jurisdiction over the complaint and therefore the court dismisses it pursuant to 12(b)(1). That issue is dispositive and the court need not reach the motion for summary judgment.

Based on the foregoing, the court HEREBY ORDERS:

1. The Corps' motion to dismiss is HEREBY GRANTED. (docs #7 & 24)

2. The Board's motion for summary judgment is HEREBY DENIED as moot. (doc. # 12)

3. The motion for hearing is DENIED. (doc. # 20)

4. Platte Valley's motion to appear amicus curiae is HEREBY DENIED. (doc. # 34 & 39)

5. The Board's motion for leave to file a supplemental brief is DENIED. (doc. # 39)

LET JUDGMENT BE ENTERED ACCORDINGLY.