30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMMISSIONERS OF PUBLIC WORKS OF THE CITY OF CHARLESTON;
Greenville Bees Ferry Limited Partnership, a South
Carolina Limited Partnership,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
SOUTH CAROLINA TOURISM COUNCIL, Amicus Curiae.
 No. 93-2061.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-92-2039-2-18).
 Argued Stanley Eugene Barnett, Smith, Bundy & Bybee, Charleston, SC; Christopher M. Holmes, Sr., McNair & Sanford, P.A., Charleston, SC, for appellants.
 Elizabeth Ann Peterson, Environment and Natural Resources Division, U.S. Dept. of Justice, Washington, DC, for appellee.
 On brief Lois J. Schiffer, Acting Assit. Atty. Gen., Jon M. Lipshultz, David C. Shilton, Environment and Natural Resources Division, U.S. Dept. of Justice, Washington, DC; Jonathan M. Jellema, Asst. Dist. Counsel, U.S. Army Corps of Engineers, Charleston, SC, for appellee.
 Neil C. Robinson, Jr., Nexsen, Pruet, Jacobs, Pollard & Robinson, Charleston, SC, for amicus curiae.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and MICHAEL, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case requires us to determine whether the federal courts may entertain a suit challenging the enforcement of wetlands regulations by the Army Corps of Engineers. Because the federal courts may review only the final enforcement orders of the Corps and because the case here involves no such enforcement activities, we affirm the district court's decision to dismiss the suit.
 
 I.
 
 2
 This case involves a sixty-five acre tract of land in South Carolina. The land--which is part of an area known as Shadowmoss Plantation--was purchased by Greenville Bees Ferry in 1986. In 1989, Bees Ferry sold a twelve acre portion of the tract to the Commissioners of Public Works of the City of Charleston ("CPW"). CPW planned to construct a storage complex and a maintenance facility on the property.
 
 
 3
 Prior to commencing construction at the end of 1991, CPW sought assurances that no wetlands areas were located on its property. It therefore contacted the Army Corps of Engineers, the government entity charged with determining whether wetlands are present at a site. See 33 U.S.C. Sec. 1344; 33 C.F.R.Sec. 320.1(a)(6). CPW apparently believed that there were no wetlands present on the land it had purchased. This belief was premised on a plat created in 1986 by the then-owners of Shadowmoss and signed by a Corps official.
 
 
 4
 In its reply to CPW, however, the Corps indicated that the 1986 plat did not cover the portion of Shadowmoss now owned by CPW and Bees Ferry. The Corps also stated its belief that wetlands were in fact present on the property, and therefore urged CPW to undertake a formal delineation of the property to determine whether any wetlands were present. After additional discussions between CPW and the Corps failed to resolve the issue, CPW, along with Bees Ferry, sued the Corps in South Carolina federal court seeking a ruling that the 1986 plat covered their properties. The suit also alleged that the Corps' failure to honor the 1986 plat violated the Due Process Clause of the Fifth Amendment.
 
 
 5
 The district court dismissed the suit for lack of subject matter jurisdiction. The court explained that the Corps' statutory authority to regulate wetlands came from the Clean Water Act ("CWA"). 33 U.S.C. Sec. 1251 et seq. Citing Southern Pines Associates v. United States, 912 F.2d 713 (4th Cir.1990), the court then held that the Clean Water Act prohibited "pre-enforcement review" of Corps activity. Because the court found that the Corps had yet to take any actual action against the plaintiffs here, it concluded that the suit had to be dismissed. Plaintiffs now appeal.
 
 II.
 
 6
 On appeal, plaintiffs contend that the district court erred in its application of Southern Pines. Plaintiffs maintain that the real issue before this court is whether the Corps must comply with the 1986 plat. They argue that the Corps' refusal to abide by that plat creates a controversy that the court may appropriately review at this time.
 
 
 7
 We cannot agree. Southern Pines recognized that Congress intended that government agencies charged with enforcing the CWA be able to "act to address environmental problems quickly and without becoming immediately entangled in litigation." Southern Pines, 912 F.2d at 716. To make such action possible, the CWA limited opportunities for judicial review to situations where agency enforcement proceedings had become final, enforceable agency orders. See id. at 715-16; see also Hoffman Group, Inc. v. EPA, 902 F.2d 567, 569-70 (7th Cir.1990).*
 
 
 8
 The matter before us has not reached that stage. The Corps' response to CPW did not establish that wetlands were definitely present at the building site; it merely indicated the Corps' belief that wetlands might be present. Indeed, it was precisely because of the uncertainties involved here that the Corps urged CPW to undertake a careful evaluation of the property to determine whether wetlands actually are present on its property. Moreover, even if wetlands are present, CPW remains free to seek a permit from the Corps allowing its construction to go forward. See 33 U.S.C. Sec. 1344(a) & (e). Thus, not only has the Corps made no attempt to block CPW's construction project, it has not even made a final determination regarding the existence of wetlands at the site or the suitability of CPW's proposed construction.
 
 
 9
 In this setting, a suit against the Corps is simply premature. The activities engaged in by the Corps to date can only be characterized as advisory in nature, and Southern Pines plainly restricts this court from reviewing agency actions that are as preliminary as these obviously are. The judgment of the district court dismissing the suit is, therefore,
 
 
 10
 AFFIRMED.
 
 
 
 *
 CPW erroneously contends that the prohibition on pre-enforcement review applies only where an actual enforcement action is ongoing. Adopting CPW's view would mean that any agency activity, no matter how preliminary in nature, would be reviewable unless that activity represented the onset of an enforcement proceeding. Such a result is plainly not contemplated by a statute that prohibits pre-enforcement review of agency activities in order to avoid undue disruption and delay of agency procedures