In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1928

Patrick Acker,

Petitioner,

v.

Environmental Protection Agency,

Respondent.

Appeal from the Environmental Protection Agency.
No. 5-01-113(a)-WI-0

Argued February 14, 2002--Decided MAY 17, 2002

Before Flaum, Chief Judge, Bauer and Evans, Circuit Judges.

Bauer, Circuit Judge.  The petitioner, Patrick Acker, is Director of Building and Grounds at Pewaukee High School in Wisconsin, from which asbestos-containing floor tiles and mastic were removed in August 1997. After finding that the method and manner of that removal failed to comply with applicable federal regulations, the respondent, the Environmental Protection Agency ("EPA"), issued an order directing Acker to comply with such regulations in the future. Acker now requests that this Court vacate the EPA's order pursuant to 42 U.S.C. sec. 7607(b)(1). Because we are without jurisdiction to review the EPA action at issue, Acker's petition is DISMISSED.

Background

In August 1997, Acker authorized the removal of asbestos-containing material from the gym balcony at Pewaukee High School. The method and manner of removal prompted the State of Wisconsin to file suit in state court against the Pewaukee School District, Acker and various consultants, claiming violations of state asbestos regulations. Before the parties stipulated to dismiss the case on the merits and with prejudice, those claims against Acker were dismissed because the State of Wisconsin failed to properly

serve him with notice.

Subsequent to the disposition of the state court action, the EPA issued an administrative order to Acker that identified seven violations of federal asbestos regulations./1 In its order, the EPA found that Acker failed to: (1) thoroughly inspect the area of the high school where the renovation activity was to occur for the presence of asbestos prior to commencing renovation; (2) provide adequate notice to the EPA before removing asbestos-containing material; (3) remove all regulated asbestos-containing material from the renovation site before breaking up, dislodging or otherwise disturbing such material; (4) ensure adequate wetness of all regulated asbestos-containing materials throughout the renovation process; (5) have present an authorized, on-site representative who is properly trained under and educated about federal asbestos regulations as well as compliance with the same; (6) seal the asbestos-containing material in leak-tight containers when wet; and (7) deposit all asbestos-containing waste material as soon as practical at an EPA-approved disposal site. In addition to identifying these violations, the order directed Acker to comply with applicable federal asbestos regulations before undertaking any further demolition or renovation activity. While the order did notify Acker that failure to comply with its directives could result in the imposition of fines, no sanctions were imposed nor were any penalties assessed for the violations identified therein.

Acker requests that this Court vacate the EPA's order, arguing that the violations it identifies were already litigated on the merits and dismissed with prejudice in the state court action. We need not reach the merits of Acker's arguments; the EPA's issuance of the administrative order does not constitute a final action or penalty subject to appellate review under 42 U.S.C. sec.sec. 7607(b)(1), 7413(d).

Discussion

The administrative order for which Acker seeks review was issued by the EPA pursuant to its enforcement authority under the Clean Air Act ("CAA"). 42 U.S.C. sec. 7413. In enacting the CAA,

Congress not only charged the EPA with its general oversight and enforcement, but also provided jurisdictional provisions that define the scope of judicial review to which actions taken by the EPA in furtherance of its oversight and enforcement responsibilities are subject. Relevant here is 42 U.S.C. sec. 7607(b)(1), which authorizes judicial review in the United States Court of Appeals when the EPA takes one or more of certain enumerated actions (none of which is applicable here) or over any "other final action of the Administrator." Judicial review is also available to any individual against whom an administrative penalty is assessed or ordered under 42 U.S.C. sec. 7413(d). The CAA limits judicial review beyond these specified instances by providing "[n]othing in this [Act] shall be construed to authorize judicial review of regulations or orders of the Administrator [the EPA] under this [Act], except as provided [herein]." 42 U.S.C. sec. 7607(e). We are therefore without jurisdiction unless the EPA action at issue falls within either or both sections 7607(b)(1) or 7413(d).

First, the EPA order issued to Acker does not constitute a "final action of the Administrator" under 42 U.S.C. sec. 7607(b)(1). An agency action is considered "final" for purposes of appellate review if (i) the action marks the consummation of the decisionmaking process--it must not be of a merely tentative or interlocutory nature, and (ii) the action determines a party's rights or obligations, or is otherwise of legal consequence. Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (citations omitted). The administrative order issued to Acker can hardly be said to mark the consummation of anything, as its terms refer only to the possibility that an enforcement process may be initiated in the future event of noncompliance with existing regulations highlighted therein. All the order does is alert Acker to the potential for legal consequences if he fails to comply with his existing duties and obligations under the CAA.

As a practical matter, the order has no legal force except to impose upon Acker the already-existing burden of complying with the CAA and its implementing regulations. See FTC v. Standard Oil Co. of California, 449 U.S. 232, 239-40

(1980) (discussing the need for considering the "finality" element pragmatically in cases dealing with judicial review of administrative actions and finding no final agency action where subject FTC document had no practical or legal effect) (citations omitted). The order did not impose upon Acker any sanction or administrative penalty. Cf. Abbs v. Sullivan, 963 F.2d 918, 926 (7th Cir. 1992) (noting that final agency action reviewable under the Administrative Procedure Act ordinarily means a final order imposing some sort of sanction). Without any practical, legal effect, there simply is no issue fit for judicial resolution. See FTC, 449 U.S. at 239-40. Accordingly, we are without authorization to review the EPA action at issue under section 7607(b)(1).

Second, and as mentioned, Acker is not an individual against whom an administrative penalty was assessed or ordered under 42 U.S.C. sec. 7413(d). Indeed, the EPA would have to take additional, affirmative steps before it could enforce the order or impose any sort of sanction. 42 U.S.C. sec.sec. 7413(b), (c)./2 Consequently, we are likewise without authorization to review the administrative order issued to Acker under section 7413(d).

Conclusion

Acker's petition is hereby DISMISSED.

FOOTNOTES

/1 Some of the EPA's findings were substantively similar to the violations claimed by the State of Wisconsin in the state court action.

/2 Notably, the preclusion of pre-enforcement judicial review here is consistent with jurisdiction law in comparable administrative contexts. See, e.g., Rueth v. EPA, 13 F.3d 227, 231 (7th Cir. 1993) (pre-enforcement review of EPA orders precluded under Clean Water Act); Hoffman Group, Inc. v. EPA, 902 F.2d 567, 569 (7th Cir. 1990) (same); United States v. Outboard Marine Corp., 789 F.2d 497, 505-06 (7th Cir. 1986) (pre-enforcement review precluded under Comprehensive Environmental Response, Compensation, and Liability Act of 1980).